RAY WENIG et al., Respondents, *v.* GLENS FALLS INDEMNITY COMPANY, Appellant.

Argued February 20, 1945; decided April 19, 1945.

*Sidney J. Loeb* for appellant. I. The policy in suit insured not only Emily V. Baker who was the "named" assured, but also Thomas F. Baker who was the "additional" assured thereunder. (*Fox* v. *Employers' Liability Assur. Corp., Ltd., London,* 239 App. Div. 671, 243 App. Div. 325, 267 N. Y. 609; *Skenandoa Rayon Corp.* v. *Halifax Fire Ins. Co.,* 245 App. Div. 279, 272 N. Y. 457; *Metropolitan Casualty Co.* v. *Blue,* 219 Ala. 37; *Blackwood* v. *Maryland Casualty Co.,* 24 Ala. App. 527; *Snyder* v. *National Union Indemnity Co.,* 65 F. 2d 844.) II. Any deficiency which would exist in the assured's case against the company and any delinquency of either the named or additional assured were available to the defendant against the plaintiffs. (*Weatherwax* v. *Royal Indemnity Co.,* 250 N. Y. 281; *Fox* v. *Employers' Liability Assur. Corp.,* 243 App. Div. 325, 267 N. Y. 609; *Rushing* v. *Commercial Casualty Ins. Co.,* 251 N. Y. 302; *Briskman* v. *Glens Falls Indemnity Co.,* 248 App. Div. 558, 251

App. Div. 319; *Dileo* v. *Eagle Indemnity Co.*, 263 N. Y. 646; *Devitt* v. *Continental Casualty Co.*, 269 N. Y. 474; *Sarine* v. *American Lumbermen's Mutual Casualty Co.*, 258 App. Div. 653; *Snyder* v. *National Union Indemnity Co.*, 65 F. 2d 844; *New Jersey Fidelity & Plate Glass Ins. Co.* v. *Love*, 43 F. 2d 82.) III. The trial court and Appellate Division erred in ignoring the effect of Mrs. Baker's activities in the settlement and admission of liability and in excluding evidence respecting Mr. Baker's activities. By admitting and assuming liability and settling plaintiffs' claims, defendant's policy was breached, thereby precluding recovery. (*Kennelly* v. *London Guarantee & Accident Co., Inc.*, 184 App. Div. 1; *American Auto Ins. Co.* v. *Fidelity & Casualty Co.*, 159 Md. 631; *Metropolitan Casualty Co.* v. *Blue*, 219 Ala. 37; *Whittle* v. *Associated Indemnity Corporation*, 130 N. J. L. 576; *Kindervater* v. *Motorists Casualty Insurance Company*, 120 N. J. L. 373; *Schefflin* v. *Title Guarantee & Trust Co.*, 262 App. Div. 913, 292 N. Y. 533; *Levine* v. *Aetna Ins. Co.*, 139 F. 2d 217; *Assurance Corp.* v. *Perkins*, 169 Md. 269; *Phoenix Cotton Oil Co.* v. *Royal Indemnity Co.*, 140 Tenn. 438; *United States Casualty Co.* v. *Breese*, 21 Ohio App. 521; *Jefferson Realty Co.* v. *Emp. Liab. Corp.*, 149 Ky. 741; *Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271; *Seltzer* v. *Indemnity Ins. Co.*, 252 N. Y. 330.) IV. The trial court erred in not submitting the defense of a breach of the policy to the jury.

*William H. George* and *Samuel Blonstein* for respondents. I. The deficiency or delinquency, to be available to the defendant as a valid defense, must be of the assured against whom the judgment was recovered in the first instance. (*Jackson* v. *Citizens Casualty Co.*, 277 N. Y. 385; *Weatherwax* v. *Royal Indemnity Co.*, 250 N. Y. 281; *Whittle* v. *Associated Indemnity Corp.*, 130 N. J. L. 576; *Devitt* v. *Continental Casualty Co.*, 269 N. Y. 474; *Fertig* v. *General Acc., Fire & Life Assur. Corp., Ltd.*, 171 Misc. 921.) II. The judgment having been obtained solely against Emily Baker, and not against Thomas Baker who alone entered into and signed the settlement agreement, the defense of a breach of the policy provisions applicable thereto is not available to the defendant. III. The trial court properly excluded any evidence of the settlement agreement and admissions of liability as made by Thomas Baker, and was correct

in not submitting that issue to the jury. (*LeLong* v. *Seibrecht,* 196 App. Div. 74; *Bouton* v. *Welch,* 170 N. Y. 554; *Hansen* v. *Vogelsang,* 139 App. Div. 759; *Smith* v. *Fredericks,* 146 Misc. 453.)

LEHMAN, Ch. J. The plaintiff, Ray Wenig, was struck on December 18, 1934, by an automobile owned by Emily V. Baker and operated, with her consent, by her husband, Thomas F. Baker. Mrs. Wenig brought an action in December, 1936, against Emily V. Baker and Thomas F. Baker to recover damages for the injuries which she sustained in the collision; and her husband, Rudolf Wenig, joined in the action as plaintiff to recover damages arising from the loss of his wife's services. The action was discontinued against Thomas F. Baker and thereafter in November, 1939, the plaintiff, Ray Wenig, recovered judgment against Emily V. Baker for the sum of $3,500 and costs, and Rudolf Wenig recovered judgment for the sum of $190. Execution has been returned unsatisfied.

At the time of the accident a policy was in effect which had been issued by Glens Falls Indemnity Company. Emily F. Baker was named in the policy as the assured and the company agreed to pay " all sums which the assured shall become legally liable to pay for claims arising out of bodily injury ". Under the provisions of section 109, now section 167, of the Insurance Law, an action may be maintained against the insurer " under the terms of the policy " for the amount of a judgment recovered against the assured in an action for damages for injury sustained or damage occasioned during the life of the policy. Accordingly after execution was returned unsatisfied the plaintiffs brought an action to recover the amount of their judgment against the assured. The judgment rendered in their favor was unanimously affirmed by the Appellate Division and the defendant has appealed by permission of this court from the judgment entered upon the order of the Appellate Division.

The insurance company disclaimed liability " under the terms of the policy " upon the ground that the assured had breached its conditions and warranties. The rule is well settled that a judgment creditor, seeking to enforce a policy insuring the judgment debtor against liability, stands in the shoes of the assured and can recover against the insurer only if the assured

could recover under the terms of the policy. (*Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271; *Weatherwax* v. *Royal Indemnity Co.*, 250 N. Y. 281; *Fox* v. *Employers' Liability Assur. Corp., Ltd.*, 243 App. Div. 325, affd. 267 N. Y. 609.) In the case we are now reviewing the defendant insurance company pleaded two affirmative defenses to the cause of action alleged in the complaint. In its first defense the defendant insurance company pleaded that in violation of the terms of the policy " on or about the 29th day of December, 1934, the plaintiffs and said Emily V. Baker and Thomas F. Baker, without the knowledge, authority or consent of this defendant, entered into an agreement in which the said Emily V. Baker and Thomas F. Baker voluntarily admitted liability for the accident referred to in the complaint herein and assumed liability therefor and agreed to and did settle the same." In its second defense the defendant pleaded: " That the aforesaid Emily V. Baker and Thomas F. Baker, failed to give this defendant immediate written notice of the accident referred to in the complaint herein, and upon which this action is based, and failed to give this defendant any notice thereof until on or about January 4th, 1935, and not until after the assumption of liability and settlement of the claim of the plaintiffs as hereinabove set forth."

At the trial of the action the Trial Judge held that the defendant had failed as matter of law to establish its first defense and struck out evidence intended to connect Mrs. Emily V. Baker with the execution of a settlement agreement which was signed by her husband Thomas F. Baker. The policy required the assured to give to the company or its agent " immediate written notice of any accident ", and the Trial Judge submitted to the jury as a question of fact, only the issue whether the assured after the accident gave " immediate " written notice within the meaning of the policy. On that issue the jury found against the defendant. Upon this appeal the defendant does not challenge that finding. The problem presented upon this appeal is whether as matter of law the evidence is insufficient to establish the first defense that the assured voluntarily admitted liability for the accident in violation of the terms of the policy.

The policy which names Emily Victoria Baker as the assured provides: " ADDITIONAL ASSURED. * * * this policy shall automatically be extended to cover, in the same manner and under

the same conditions, as additional assured, any person or persons while riding in or using any such automobile * * * provided such use or operation is with the permission of the named assured ". It is not disputed that Thomas F. Baker was operating the automobile at the time of the accident with the permission of his wife and that the policy automatically was extended to cover him as an " additional assured ". There can be no doubt, too, that the defendant established that Thomas F. Baker signed a formal agreement with the plaintiff Ray Wenig, dated December 29, 1934, wherein Thomas F Baker agreed to pay $900 in full settlement and satisfaction of all claims which Ray Wenig might have by reason of the accident. The agreement begins with the recital that: " WHEREAS the party of the second part has, on or about the 18th day of December 1934, received serious injuries due to an accident in which the party of the first part by driving his motor vehicle in a negligent manner struck the party of the second part while said party of the second part was lawfully standing at a bus station situated at Old Country Road near Franklin Avenue, in Mineola, New York ".

The coverage of the policy of insurance which the plaintiffs are seeking in this action to enforce is " (1) BODILY INJURY. To Pay within the limits specified in Declaration 6, all sums which the assured shall become legally liable to pay for claims arising out of bodily injury, including loss of services, and including death at any time resulting therefrom (excluding loss by liability accepted by the assured, in contract or otherwise) suffered or alleged to have been suffered by any person or persons not hereinafter accepted ". That coverage is subject to " the following conditions ", among others: " F. * * * The assured shall not interfere in any way respecting any negotiations for the settlement of any claim or suit, nor in the conduct of any legal proceedings, but shall, at all times, at the request of the company, render to them all possible co-operation and assistance. The assured shall not voluntarily admit any liability for an accident ", and " G. CO-OPERATION OF ASSURED. The assured shall not voluntarily assume any liability, nor incur any expense, other than for immediate surgical relief, nor settle any claim except at the assured's own cost. The assured shall not interfere in any negotiation for settlement, nor in any legal proceeding, but whenever requested by the company, and at the company's

expense, the assured shall aid in securing information and evidence, and the attendance of witnesses, and shall cooperate with the company (except in a pecuniary way) in all matters which the company deems necessary in defense of any suit or in the prosecution of any appeal.''

The settlement agreement constitutes, we assume, an unequivocal '' voluntary admission of liability '' by the additional assured, and proof of the execution of such an agreement would establish a defense to any action, brought by the additional assured or by a person who recovered a judgment against the '' additional assured '', to enforce the liability of the insurer to *such assured*. In this case, the plaintiffs are not seeking to enforce the obligation of the insurer to the '' additional assured '', and they do not stand in his shoes. Under the term*s* of the policy the insurance company agreed to insure the '' named assured '' against liability for damages which the named assured is '' legally liable to pay.'' The liability of the insurance company upon its promise to insure the '' named assured '' is neither extended nor limited by the fact that under the terms of the policy it assumed an obligation also to insure the '' additional assured '' against liability for damages for which he might become liable.

In an action to enforce the liability of the '' named assured '' an admission of liability by the '' additional assured '' would not be binding upon the '' named assured '' or competent evidence against her unless she joined in that admission. The primary purpose of the clauses of the policy upon which the insurance company relies is (1) to limit the coverage of the policy, as therein defined, to sums for which the assured, either named or additional, becomes '' *legally liable* '', and to exclude from the coverage sums for which the assured becomes liable because he chooses to '' accept '' liability; (2) to give to the insurance company the right to direct or control all litigation arising upon any claim against the assured which is covered by the policy; and (3) to constrain the assured in such case to co-operate in good faith with the insurance company in the defense of such a claim. (Cf. *G. A., Fire & Life Ass. Co.* v. *Louisville H. Tel. Co.*, 175 Ky. 96.) The breach of condition or warranty by one assured does not defeat a cause of action to enforce an obligation of

the company to another assured to pay all sums which that assured shall become liable to pay. The reason is not that the breach of condition or warranty by one assured does not, of itself, prejudice the insurance company in its defense against a claim of liability asserted against another assured; for under the terms of the policy a breach of an express condition or warranty by an assured establishes a defense to the cause of action to enforce the obligation of the company to that assured even where it does not appear that the breach prejudiced the insurer. (*Amer. etc. Ins. Co.* v. *Fid. & Cas. Co.*, 159 Md. 631; *Brodsky* v. *Motorists Casualty Ins. Co.*, 112 N. J. L. 211, affd. 114 N. J. L. 154.) The reason is that under the terms of the policy, reasonably construed, the obligation of the company to each assured is separable and a breach of condition or warranty by one assured does not terminate the obligation of the company to another assured. No case has been called to our attention where a similar policy received any other construction.

The question remains whether there is any substantial evidence that the named assured joined in the admission of liability by her husband, and herself breached the conditions or warranties annexed to the obligation which the insurance company assumed for her benefit and which the plaintiffs seek in this action to enforce. On December 18th, when the accident occurred in which the plaintiff Ray Wenig was injured, a premium payable under the terms of the policy on November 7th was still unpaid and the assured erroneously assumed that the policy was no longer in effect. On January 3d, however, Mrs. Baker received a bill for the unpaid premium and then paid the bill and gave notice of the accident to the agent of the company. In the meanwhile the settlement agreement with Mrs. Wenig had been executed, and though it is signed only by Thomas F. Baker, the additional assured, the evidence sufficiently shows that Mrs. Baker joined in the discussions which preceded the execution of the agreement. Indeed, Mrs. Baker on January 7th signed a statement, prepared by the insurance company that " I executed an agreement to pay the insured lady $900.00 over a period of 14 months ", though the insurance company does not seriously claim that in fact she executed it.

Evidence was introduced from which the inference might

fairly be drawn that Mr. Baker did not dispute that Mrs. Wenig's injuries were caused by his negligence, but it does not appear that either he or Mrs. Baker conceded that at the time of the accident he was operating the automobile with the consent of his wife, who owned the car, or that she was liable for the consequences of his negligence. The policy forbids the assured to " voluntarily admit any liability for an accident " or to " assume any liability ". " A mere admission of conduct classable as negligent " does not in itself constitute " an assumption of liability." (*Kindervater* v. *Motorists' Casualty Ins. Co.*, 120 N. J. L. 373.) An admission that a person is " at fault in this action, may be made with intent to admit liability for the accident." Then it constitutes a breach of condition or warranty in a policy which prohibits an admission of liability. (*Amer. etc. Ins. Co.* v. *Fid. & Cas. Co.*, 159 Md. 631, *supra; Brodsky* v. *Motorists Casualty Ins. Co.*, 112 N. J. L. 211, affd. 114 N. J. L. 154; *Kindervater* v. *Motorists' Casualty Ins. Co., supra.*) It is not such a breach where it is merely an honest statement of the facts made without intent to abandon the right to contest a claim of liability based on the facts as they may exist. (*U-Drive-It Car Co.* v. *Freidman,* 153 So. 500, La. Court of Appeal. See, also, *Cadeddu* v. *Mt. Royal Ass'ce Co.* [1929], 2 Dominion L. R. 867 [British Columbia]; *England* v. *Dominion of Canada Gen'l Ins. Co.* [1931], 3 Dominion L. R. 489 [Ont. Supreme Court]; *Tison* v. *Lapierre & United Province Ins. Co.* [1938], 4 Dominion L. R. 816 [Quebec Supreme Court].)

The purport and effect of words and acts often depend upon their setting. Words and acts must be given effect in accordance with the meaning which they then convey to reasonable men. No rigid formula will measure or determine that. The defendant insurance company does not claim that the named assured refused to cooperate with it in the defense it planned to make if a claim were asserted against her. The problem, in final analysis, is whether by joining in the negotiation which resulted in the settlement agreement signed by her husband and by anything she said or did in that connection, she voluntarily assumed or admitted personal liability for damages resulting from the accident which her husband admitted was due to his fault. We find the evidence insufficient as matter of law to sustain an inference that she did admit such liability. Giving to the

defendant insurance company — as we must — the benefit of the most favorable inference which can be drawn from the evidence, it might, perhaps, be said that the named assured joined in the agreement signed by her husband, that the claim against him should be settled by his payment of $900, but no conclusion can be drawn reasonably from that premise that she thereby assumed or intended or was understood to intend to assume or admit her own liability for the accident and to abandon or disclaim a right to interpose any defense which she would otherwise have if a claim of liability should thereafter be asserted. Nothing that she did could affect her right or the right of the insurance company to contest a claim against her or embarrass the company in the defense of such a claim. There was no breach by her of any express condition or warranty annexed under the terms of the policy to the obligation of the company to insure her.

The judgment should be affirmed, with costs.

LOUGHRAN, LEWIS, CONWAY and DYE, JJ., concur; DESMOND and THACHER, JJ., dissent and vote to reverse and grant a new trial on the ground that the evidence offered by defendant raised a question of fact as to whether or not the named assured breached conditions F and G of the policy.

Judgment affirmed.