JOSEPH R. FADDEN, Respondent, *v.* CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY, Appellant.

Third Department, May 31, 1967.

*Maynard, O'Connor & Smith* (*Michael E. Catalinotto* of counsel), for respondent.

*Grey & Snyder* (*Theodore H. Grey* of counsel), for appellant.

AULISI, J. This is an appeal from an order and judgment granted to plaintiff at Special Term of Supreme Court, upon his motion for summary judgment.

Lewis Burgess was injured on June 30, 1962 by a power saw operated by Joseph Fadden, Jr., the minor son of the plaintiff

herein. Burgess sued both the plaintiff and his son recovering a verdict against them. This verdict was affirmed by us (*Burgess* v. *Fadden,* 22 A D 2d 713) and entirely paid by the present plaintiff who thereafter moved for a judgment for contribution which was granted. This judgment remained unpaid and plaintiff instituted suit against the defendant here on its home owner's policy issued to plaintiff and his wife. This policy contained a provision for comprehensive liability coverage and listed as '' Insured '' were '' (a) the named Insured, (b) if residents of his household, his spouse, the relatives of either and any other person under the age of 21 in the care of an Insured ''. Under applicable exclusions, coverage was not to apply '' (a) to any business pursuits of an Insured, other than activities therein which are ordinarily incident to non-business pursuits; or to the rendering of any professional service or the omission thereof ''. Defendant by its answer raised the defense of the above-cited exclusion clause and moved for summary judgment. Plaintiff cross-moved for summary judgment and his motion was granted.

It is well settled that a judgment creditor stands in the shoes of the assured when seeking to enforce a policy insuring the judgment debtor against liability and can recover against the insurer only if the assured could recover under the terms of the policy (*Wenig* v. *Glens Falls Ind. Co.,* 294 N. Y. 195). The policy issued by the defendant insurer must be viewed as separate policies issued to plaintiff and his wife — and issued to the son. (*Greaves* v. *Public Serv. Mut. Ins. Co.,* 5 N Y 2d 120; *Morgan* v. *Greater N. Y. Taxpayers Mut. Ins. Assn.,* 305 N. Y. 243; *Wenig* v. *Glens Falls Ind. Co., supra.*) These cases clearly indicate that '' an additional although unnamed insured * * * had to be treated as if he had a separate policy '' in determining the applicability of the exclusion (*Greaves* v. *Public Serv. Mut. Ins. Co., supra,* p. 125). Since the son is an '' Insured '' under the policy the exclusion for injuries resulting from '' any business pursuits of an Insured '' must be read under this separability doctrine as applying only when the son was engaged in his own business pursuits. In our view it is clearly indicated in the instant case that the son was not engaged in any business pursuits of his own so as to invalidate his coverage as an insured. At most there is an ambiguity as to whose business pursuits were excludable under the policy and since the policy was written by the insurer any ambiguity must be resolved against it (*Greaves* v. *Public Serv. Mut. Ins. Co., supra; Hartol Prods. Corp.* v. *Prudential Ins. Co.,* 290 N. Y. 44, 49).

The order and judgment should be affirmed.

HERLIHY, J. P., REYNOLDS, STALEY, JR., and GABRIELLI, JJ., concur.

Order and judgment affirmed, with costs.