◼ NANCY BIANCO et al., Appellants, v TRAVELERS INSURANCE COMPANY, Respondent. — Appeal (1) from an order of the Supreme Court at Special Term (Viscardi, J.), entered February 18, 1983 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon. At issue on this appeal is whether defendant insurance company has the duty to defend plaintiffs in an action against them on behalf of an infant who was bitten by a dog owned by plaintiffs. We agree with Special Term that defendant has no duty to defend under the circumstances herein. Plaintiffs, mother and daughter, are the owners of a dog which, in January, 1977, bit another child who was visiting the rented premises where plaintiffs resided. Defendant's insurance policy, under which plaintiffs claim coverage, is a homeowners policy insuring other premises owned by plaintiff mother and her former husband, who were divorced in July, 1975. Plaintiffs resided at the insured premises until October, 1975, when they moved first to a mobile home and thereafter to the premises where the dog bite occurred. Plaintiffs contend that since plaintiff mother was a named insured at the time of the dog bite, defendant's policy provides coverage under its personal liability section, which covers bodily injury sustained off the insured premises where such injury is caused by an animal owned by an insured. Defendant, on the other hand, maintains that its exclusion for bodily injury "arising out of any act or omission in connection with premises (other than an insured premises) owned, rented or controlled by" an insured is applicable. The exclusion is clear and unambiguous and, pursuant to the ordinary meaning of its wording, the exclusion applies to the undisputed facts of this case. The dog bite occurred on the uninsured premises where plaintiffs

resided with the dog. The injured infant, along with his mother, was visiting plaintiffs at the premises when the injury occurred. While the infant's injury did not arise out of any defect in the uninsured premises, there can be little doubt that the injury arose "in connection" with the premises. Plaintiffs contend that since the injury was caused by an animal, there is coverage and we need look no further. It is not merely the constituent act or acts which are to be tested, however; rather the entire transaction as a whole must be reviewed in order to determine the insurer's duty (see *De Forte v Allstate Ins. Co.*, 81 AD2d 465, 469, app dsmd 54 NY2d 1027). Since the exclusion is clear and unambiguous, and since the meaning of its wording, as understood in the plain, ordinary and popular sense, applies to the undisputed facts of this case, Special Term properly granted summary judgment declaring that defendant has no duty to defend (see *Government Employees Ins. Co. v Kligler*, 42 NY2d 863). Order and judgment affirmed, with costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.