■ BARTON STEWART et al., Third-Party Plaintiffs-Appellants, v DRYDEN MUTUAL INSURANCE COMPANY, Third-Party Defendant-Respondent.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: The record on this motion for summary judgment shows that periodically over three summers the third-party plaintiffs, the Stewarts, conducted a sale from their barn of articles allegedly accumulated over the years as a hobby. The Stewarts were sued by plaintiff, who alleged that she fell in the Stewarts' barn while viewing the articles offered for sale. The Stewarts forwarded the complaint to the Dryden Mutual Insurance Company, their insurance carrier, which disclaimed coverage based upon a clause in the policy that denied coverage for liability "resulting from activities in connection with an insured's business". The Stewarts brought this third-party action against Dryden for a judgment declaring that Dryden is obligated to defend the Stewarts in the main action. Dryden moved for summary judgment declaring that it was not obligated either to defend or to indemnify the Stewarts and the Stewarts cross-moved for summary judgment in their favor. The court granted the motion of Dryden and denied the cross motion of the Stewarts. We modify by denying both the motion and cross motion.

Whether the Stewarts' sale of property upon their premises constituted a "business" within the meaning of the exclusion in the policy depends upon whether they regularly engaged in a particular activity with a view toward earning a livelihood

or making a profit. To constitute a business, there must be two elements: *"first, continuity, and secondly, the profit motive"* *(Home Ins. Co. v Aurigemma,* 45 Misc 2d 875, 879; *see also, Levinson v Aetna Cas. & Sur. Co.,* 42 AD2d 811; *Fadden v Cambridge Mut. Fire Ins. Co.,* 51 Misc 2d 858, 862, *affd* 27 AD2d 487; Annotation, *Construction and Application of "Business Pursuits" Exclusion Provision in General Liability Policy,* 48 ALR3d 1096).

Here, the evidence submitted on the motion for summary judgment raises an issue of fact whether the Stewarts regularly engaged in the sale of articles in their barn with a view toward earning a profit. Thus, we modify the order appealed from by reversing that part of the order granting summary judgment to third-party defendant and we deny the motion. (Appeal from order of Supreme Court, Monroe County, Curran, J.—summary judgment.) Present—Dillon, P. J., Boomer, Green, Pine and Balio, JJ.