■ BROOME COUNTY CO-OPERATIVE FIRE INSURANCE COM-PANY, Appellant, v THOMAS E. KENDALL et al., Respondents.— Mikoll, J. Appeal from an order of the Supreme Court (Smyk, J.), entered August 29, 1990 in Broome County, which, *inter*

*alia,* granted defendants Gilbert Vortkamp Sr. and Deborah Vortkamp summary judgment and declared that plaintiff is obligated to defend and indemnify said defendants in a pending action.

Plaintiff instituted this action for declaratory judgment to determine its rights and liabilities under an insurance policy issued to defendants Gilbert Vortkamp Sr. and Deborah Vortkamp covering their residential premises. The Vortkamps provided home health care for developmentally disabled persons at their home in Broome County as family home care providers for the Broome District Developmental Services of the State Office of Mental Retardation and Developmental Disabilities. Defendant Thomas E. Kendall, a bus driver, was injured when he fell in the Vortkamps' driveway while there to provide transportation for two of the disabled persons. As a result, Kendall and his wife, defendant Anita P. Kendall, commenced a negligence action against the Vortkamps for damages. Plaintiff disclaimed coverage on the ground that the injury occurred on business property or arose out of the Vortkamps' business pursuits, both of which circumstances are excluded under the policy from coverage.

Defendants answered asserting that plaintiff was obligated to defend and indemnify the Vortkamps. Plaintiff moved for summary judgment. Supreme Court, in denying plaintiff's motion, ruled that the Vortkamps' activity as family home care providers did not constitute business pursuits because of insufficient evidence that they engaged in the activity for profit. The court also held that the disabled persons were not roomers or boarders and, thus, the premises were not changed into business property. Supreme Court granted summary judgment in favor of the Vortkamps and required plaintiff to both defend the action and indemnify any judgment in favor of the Kendalls. This appeal by plaintiff ensued.

Defendants' contention, that the activity in dispute was not undertaken with a profit motive and, consequently, does not constitute a business pursuit as that term is used in the exclusionary clause of the policy, is well taken. Whether the activity in question constituted a business pursuit within the meaning of the exclusion depends upon whether the Vortkamps "regularly engaged in a particular activity with a view toward earning a livelihood or making a profit. To constitute a business, there must be two elements: *'first, continuity, and secondly, the profit motive'* " (*Stewart v Dryden Mut. Ins. Co.,* 156 AD2d 951, 951-952, quoting *Home Ins. Co. v Aurigemma,* 45 Misc 2d 875, 879 [emphasis in original]).

There is no doubt that the first element, continuity, is present, but the evidence is not sufficient to satisfy the second element. Of the funds received on behalf of the disabled persons, the Vortkamps were under a fiduciary obligation to hold any excess that was over living expenses and personal allowances in trust, not as a profit for themselves. Gilbert Vortkamp was a full-time employee as a car salesperson for a Cadillac agency for over 20 years. The mortgage on the property was paid out of his salary. The Vortkamps, as certified family care providers, were required to provide a family home-like living environment including three nourishing, well-balanced meals eaten together as a family unit, recreational and social activities, chores and assistance with personal activities. The record amply supports Supreme Court's conclusion that the family home care provided was not engaged in for profit and, therefore, did not constitute a business pursuit.

We find no merit to plaintiff's argument that, because the Vortkamps were providing room and board, their property was changed into business property under the exclusionary provision of the policy. Under the language of the policy, renting part of the premises to three or more roomers or boarders will convert the whole property into business property. The record does not demonstrate, however, that the disabled persons were either roomers or boarders when these terms are given their plain and ordinary meaning (see, Simon v Colonial States Brokerage Corp., 128 AD2d 603, 604; see also, Webster's Third New International Dictionary 243-244, 1329 [unabridged 1981]). The evidence indicates that the disabled persons were treated and accepted as family members and supports Supreme Court's conclusion that they were not roomers or boarders under the policy.

Mahoney, P. J., Casey, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with one bill of costs.