UNITED FOOD SERVICE, INC., Formerly Known as CRISAFULLI BROTHERS ITALIAN GROCERS, INC., et al., Respondents, v FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellant, and WORCESTER INSURANCE COMPANY, Respondent. (And a Third-Party Action.)

Third Department, March 11, 1993

## APPEARANCES OF COUNSEL

*Moran & Pronti,* Clifton Park *(Jay A. Smith* of counsel), for appellant.

*Ganz & Wolkenbreit,* Albany *(Robert E. Ganz* and *Deborah A. Marcantano* of counsel), for United Food Service, Inc. and another, respondents.

*Thuillez, Ford, Gold & Conolly,* Albany *(Michael J. Hutter* of counsel), for Worcester Insurance Company, respondent.

## OPINION OF THE COURT

CREW III, J.

In November 1990 plaintiff Dennis Gagnon, vice-president of sales of plaintiff United Food Service, Inc. (hereinafter United), formerly known as Crisafulli Brothers Italian Grocers, Inc., and a member of United's board of directors, attended an out-of-town business seminar. After Gagnon attended a morning meeting at the seminar, he returned to his hotel room during a break and prepared to check out; in the

course of doing so, Gagnon raised his garment bag and inadvertently hit a sprinkler head on the hotel room wall, thereby releasing a substantial quantity of water and causing extensive damage to the room and other areas of the hotel.

At the time of the incident, United was insured under a commercial general liability policy issued by defendant Fidelity & Casualty Company of New York and Gagnon was insured under a homeowner's policy issued by defendant Worcester Insurance Company. After both carriers disclaimed coverage, plaintiffs commenced this declaratory judgment action against Fidelity and Worcester seeking, *inter alia,* a declaration that they were obligated to provide United and Gagnon with coverage under the respective policies. Following joinder of issue, plaintiffs moved for summary judgment and Worcester cross-moved for similar relief. Supreme Court granted plaintiffs' motion to the extent that it declared that Fidelity was obligated to provide coverage and, further, granted Worcester's cross motion to the extent that it declared that Worcester's policy was inapplicable and dismissed the complaint against it. This appeal by Fidelity followed.

It is axiomatic that an insurer's duty to defend is broader than its duty to indemnify *(see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310), and an insurer wishing to exclude certain coverage from its policy obligations must do so in "clear and unmistakable language" *(Rajchandra Corp. v Title Guar. Co.,* 163 AD2d 765, 768). "Any such exclusions are to be accorded a strict and narrow construction and are not to be extended by interpretation or implication" *(supra,* at 768; *see, Seaboard Sur. Co. v Gillette Co., supra,* at 311).

■ Here, Worcester excluded from personal liability coverage bodily injury or property damage "arising out of business pursuits of an insured or the rental or holding for rental of any part of any premises by an insured". This exclusion does not apply, however, to "activities which are usual to nonbusiness pursuits" (hereinafter the nonbusiness exception) or to "the rental or holding for rental of an insured location * * * on an occasional basis if used only as a residence" (hereinafter the rental exception). In order to avail itself of this exclusion, Worcester had to demonstrate that Gagnon "regularly engaged in a particular activity with a view toward earning a livelihood or making a profit" *(Stewart v Dryden Mut. Ins. Co.,* 156 AD2d 951, 951-952). As a general proposition, "[t]he business pursuit exclusion is intended to apply to all activities that are involved in furtherance of any business,

employment, trade, occupation or profession" (7A Appleman, Insurance Law and Practice § 4501.10, at 276-277). To constitute a business, two elements must be present: *"first, continuity, and secondly, the profit motive" (Home Ins. Co. v Aurigemma,* 45 Misc 2d 875, 879 [emphasis in original]; *see, Broome County Co-Op. Fire Ins. Co. v Kendall,* 178 AD2d 709, 710; *Hanover Ins. Co. v Cowan,* 172 AD2d 490, 491; *Stewart v Dryden Mut. Ins. Co., supra,* at 952).

Although Fidelity contends that Supreme Court erred in finding that the business pursuits exclusion applied under the circumstances presented here, we cannot agree. The record reveals that Gagnon attended a management seminar on behalf of United and in his capacity as vice-president of sales and that United paid for Gagnon's travel and lodging expenses. The record further discloses that at the time of the incident, Gagnon was on a break from a seminar meeting and returned to the meeting after the incident occurred. Accordingly, viewing "the entire transaction as a whole" *(Bianco v Travelers Ins. Co.,* 99 AD2d 629, 630), we conclude that Gagnon was pursuing his business at the time the incident occurred and, therefore, the business pursuits exclusion applies.

In reaching this conclusion, we reject Fidelity's assertion that Gagnon's activities at the hotel constituted nonbusiness pursuits, thereby triggering the nonbusiness exception. An activity loses its work-related identity and becomes subject to the nonbusiness exception when it is merely " 'incidental to non-business pursuits' " (7A Appleman, Insurance Law and Practice § 4501.11, at 279). In this regard, "[t]here are relatively few functions, such as walking, opening and closing doors, bending or standing that a person performs in a business that cannot be viewed in isolation as nonbusiness activity. One cannot perform normal work without engaging in such functions or activities, and to treat these activities in isolation as incidental to nonbusiness activity would render [the business pursuits] exclusion meaningless" *(id.,* § 4501.10, at 277). As to Fidelity's argument that the rental exception applies, we note that Worcester disclaimed coverage only under the business pursuits portion of the relevant exclusion and, therefore, the rental exception does not appear to come into play. In any event, we conclude that the rental exception is not applicable because Gagnon's hotel room does not appear to qualify as a "residence" as that term is used in the policy and is commonly understood *(see,* Webster's Third New International Dictionary 1931 [unabridged 1981]). Accordingly,

Worcester's cross motion for summary judgment was properly granted.

Turning to Fidelity's commercial general liability policy, Fidelity contends that Supreme Court erred in failing to apply two specific exclusions contained in the policy. The first exclusion relied upon by Fidelity provides that the insurance afforded under the policy issued to United does not apply to property damage to "[p]roperty you own, rent, or occupy". As used in the policy, the words "you" and "your" refer to the named insured shown in the declarations* and any other person or organization, qualifying as a named insured under the policy. An "insured" includes, among others, an organization other than a partnership or joint venture listed in the declarations, the named insured's executive officers and directors (with respect to their duties as such) and the named insured's employees (with respect to acts performed within the scope of employment).

Initially, we reject plaintiffs' claim that this particular exclusion cannot be applied to Gagnon because he is not listed in the declarations as a named insured. Reading the policy as an integrated whole (see generally, *Bretton v Mutual of Omaha Ins. Co.,* 110 AD2d 46, 48, *affd* 66 NY2d 1020), including the relevant definitional sections, it is apparent that Gagnon is insured under the policy and that the policy generally provides coverage for the type of loss sustained here. Thus, Fidelity must provide coverage unless the relevant exclusion applies. To that end, although the words "own, rent, or occupy" are not defined in the policy, giving these words their "plain and ordinary meaning" (*Government Empls. Ins. Co. v Kligler,* 42 NY2d 863, 864) results in a conclusion that, at the very least, Gagnon occupied the hotel room and, therefore, this exclusion applies as to any damage done to the room and the property contained therein.

Finally, while it is true that Fidelity has also excluded coverage for damage to "[p]ersonal property in the care, custody or control of the insured", this provision cannot be reasonably interpreted to apply to damage sustained to those areas of the hotel over which Gagnon has not been demonstrated to have exercised care, custody or control, i.e., the areas beyond the confines of his hotel room. To the extent

---

* The named insureds listed in the declarations are "Crisafulli Brothers Italian Grocers, Inc., AKA Crisafulli Bros., Inc., Crisafulli Bros., Crisafulli Brothers Food Service Distributors, [and] F. Caracciolo and son".

that the Second Circuit reached a different conclusion in *Hardware Mut. Cas. Co. v Mason-Moore-Tracy* (194 F2d 173), we decline to follow the reasoning employed in that case. Accordingly, plaintiffs are entitled to a declaration that Fidelity has a duty to defend and, further, to indemnify plaintiffs only with respect to any damage sustained by those portions of the hotel not in Gagnon's care, custody or control. We have examined the parties' remaining contentions and find them to be without merit.

YESAWICH JR., J. P., MAHONEY and HARVEY, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as declared that the policy issued by defendant Fidelity & Casualty Company of New York provided coverage for any damages sustained; it is declared that defendant Fidelity & Casualty Company of New York has a duty to defend and indemnify plaintiffs only as to damage to those portions of the hotel not in plaintiff Dennis Gagnon's care, custody or control; and, as so modified, affirmed.