OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs, and it is unnecessary to answer the certified question.
 

 Appellants sought to compel defendant insurance company
 
 *1028
 
 to defend them under their general liability policy. Their former landlord had sued them in Federal court, alleging conversion of furnishings and personal property which had been stored at the premises pursuant to a provision in their lease. The insurer’s refusal to defend was based on an exclusion in the policy relating to bailed property. Specifically, the policy excluded "damage: (1) to property owned by the insured; (2) to property occupied by or rented to the insured; (3) to property under bailment to the insured”. "Bailment” was defined as a "delivery of property by any person to the insured for purpose beneficial to either the insured or such person or both under a contract, express or implied, for the insured to carry out such purpose and to redeliver such property or otherwise dispose of it as provided”. The stored property qualified as a defined bailment. Thus, the exclusion from coverage was operative and the lower courts were correct in granting summary judgment to the insurer.
 

 An insurer’s duty to defend is "derived from the allegations of the complaint and the terms of the policy”
 
 (Technicon Elecs. Corp. v American Home Assur. Co.,
 
 74 NY2d 66, 73), and exclusions from coverage, which must be in clear and unmistakable language, are given a strict and narrow interpretation
 
 (Seaboard Sur. Co. v Gillette Co.,
 
 64 NY2d 304, 310). In this case, the insurer met its burden of showing that the allegations of the complaint in the landlord’s Federal suit against appellants were outside the coverage of the policy by operation of the exclusion clause
 
 (see, Technicon Elecs. Corp. v American Home Assur. Co., supra,
 
 at 73-74).
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Beliacosa and Smith concur in memorandum.
 

 Order affirmed, etc.