■ JEANIE BRAGIN, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [656 NYS2d 468] —White, J. Appeal from an order of the Supreme Court (Keegan, J.), entered May 31, 1996 in Albany County, which, *inter alia*, granted plaintiff's cross motion for summary judgment and declared that defendant must defend and indemnify plaintiff in an underlying action.

For several years plaintiff grew flowers and, between April and September, sold them to passersby for $2 a bunch from a folding table located near the front of her property. On July 21, 1994, Raymond Lemire stopped to buy flowers and allegedly slipped and fell on plaintiff's driveway. Plaintiff notified defendant, her homeowner's insurance carrier, of the claim but it declined coverage under an exception to plaintiff's policy

which excluded coverage for bodily injury "arising out of the past or present business activities of an insured person". Thereafter, Lemire and his wife commenced a personal injury action against plaintiff. Because defendant refused to defend or indemnify her, plaintiff commenced this declaratory judgment action against defendant seeking, *inter alia*, a declaration that defendant was obligated to defend and indemnify her in the Lemire action. Following joinder of issue, both parties moved for summary judgment. Supreme Court granted plaintiff's cross motion, prompting this appeal.

It is well settled that an insurer's duty to defend is broader than its duty to indemnify and is derived from the allegations of the complaint and the terms of the policy which are construed in accordance with the reasonable expectation and purpose that an ordinary business person would have had when making an ordinary business contract (*see, Holman v Transamerica Ins. Co.*, 81 NY2d 1026, 1028; *Album Realty Corp. v American Home Assur. Co.*, 80 NY2d 1008, 1010; *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 310). Further, an insurer seeking to exclude coverage "must do so 'in clear and unmistakable' language" and any exclusions are given a strict and narrow interpretation (*Seaboard Sur. Co. v Gillette Co.*, supra, at 311, quoting *Kratzenstein v Western Assur. Co.*, 116 NY 54, 59).

Here, the policy defines "business" as "any full or part time activity of any kind engaged in for economic gain". Applying the foregoing rules of construction to this definition, we conclude that the policy excludes those activities that involve a profit motive (*see, Allstate Ins. Co. v Noorhassan*, 158 AD2d 638, 640). In our view, plaintiff's activity did not involve a profit motive; therefore, we find that the business exception in plaintiff's homeowner's policy is not applicable and that her cross motion for summary judgment was properly granted.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.