■ RAYMOND L. WEISS et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent, et al., Defendants. [856 NYS2d 331]—

Memorandum: Plaintiffs commenced this action alleging, inter alia, that Allstate Insurance Company (defendant) improperly disclaimed insurance coverage for fire damage to plaintiffs' property. Supreme Court properly granted that part of defendant's cross motion for summary judgment dismissing the first cause of action. As a preliminary matter, we conclude that the term "business," defined in the insurance policy as "any full or part-time activity of any kind engaged in for economic gain including the use of any part of any premises for such purposes," is not ambiguous with respect to the facts of this case (cf. Roland v Nationwide Mut. Fire Ins. Co., 286 AD2d 872 [2001]; see generally W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). We further conclude that plaintiffs' daughter is an "insured person" under the unambiguous definitions of that term in the insurance policy (see generally W.W.W. Assoc., 77 NY2d at 162). Contrary to plaintiffs' contention, defendant met its initial burden on its cross motion with respect to the first cause of action by establishing that the barn located on the property at issue was being used by plaintiffs' daughter for business purposes and that the insurance policy excluded coverage for structures used for business purposes (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).

Contrary to the further contention of plaintiffs, they failed to raise a triable issue of fact whether their daughter's business activities were sporadic or not motivated by profit (cf. Pepper v Allstate Ins. Co., 20 AD3d 633, 635-636 [2005]; Bragin v Allstate Ins. Co., 238 AD2d 773, 774 [1997]; see generally Showler v

*American Mfrs. Mut. Ins. Co.*, 261 AD2d 896, 897 [1999]). Indeed, plaintiffs' daughter candidly acknowledged during her deposition that she used the barn for her business involving breeding and boarding horses and that she was operating that business at the time of the fire. We reject the further contention of plaintiffs that there is a triable issue of fact whether defendant is vicariously liable for the negligent act of its agent in procuring an insurance policy that was insufficient to meet plaintiffs' needs (*see generally Zuckerman*, 49 NY2d at 562). The complaint, as amplified by the bill of particulars, asserts only causes of action for breach of contract against defendant. Present—Smith, J.P., Centra, Fahey, Peradotto and Green, JJ.