◼ MARINA GRAND, INC., Plaintiff/Counterclaim Defendant-Respondent, v TOWER INSURANCE COMPANY OF NEW YORK, Defendant/Counterclaim Plaintiff-Appellant, et al., Additional Counterclaim Defendants, and JOSEPH DALESSIO, Additional Counterclam Defendant-Respondent. [882 NYS2d 435]—

In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff/counterclaim defendant, Marina Grand, Inc., in an underlying personal injury

action entitled *Polvere v Marina Grand, Inc.*, pending in the Supreme Court, Richmond County, under index No. 103894/06, the defendant/counterclaim plaintiff appeals from an order of the Supreme Court, Richmond County (Fusco, J.), entered May 13, 2008, which denied its cross motion for summary judgment declaring that it is not obligated to defend and indemnify the plaintiff/counterclaim defendant, Marina Grand, Inc., in the underlying action, and granted the motion of the plaintiff/counterclaim defendant, Marina Grand, Inc., and the additional counterclaim defendant Joseph Dalessio to consolidate this action with the underlying action to the extent of directing that the actions be jointly tried.

Ordered that the order is reversed, on the law, with costs, the cross motion of the defendant/counterclaim plaintiff for summary judgment declaring that it is not obligated to defend and indemnify the plaintiff/counterclaim defendant, Marina Grand, Inc., in the underlying action is granted, the motion to consolidate this action with the underlying action is denied as academic, and the matter is remitted to the Supreme Court, Richmond County, for the entry of a judgment declaring that the defendant/counterclaim plaintiff is not obligated to defend and indemnify the plaintiff/counterclaim defendant, Marina Grand, Inc., in the underlying action.

On December 26, 2005, Lisa Polvere and Yvonne Tu were at the bar area in an establishment owned and operated by the plaintiff/counterclaim defendant, Marina Grand, Inc. (hereinafter MGI). At some point, the two women got into an argument. During the argument, Tu threw a glass at Polvere. The glass hit Polvere in the face. Polvere allegedly sustained injuries as a result of the incident.

On or about December 22, 2006, Polvere commenced a personal injury action (hereinafter the underlying action) against MGI and others. Alleging that Tu, in an intoxicated state, intentionally threw the glass at her face, Polvere asserted causes of action against MGI based on allegations, inter alia, that MGI's employees negligently maintained, controlled, and operated MGI's premises, and violated the Dram Shop Act (*see* General Obligations Law § 11-101).

MGI requested its insurer, the defendant/counterclaim plaintiff, Tower Insurance Company of New York (hereinafter Tower), to provide a defense and indemnification in the underlying action. Tower, however, citing, among other policy provisions, an endorsement excluding from coverage any injury caused by an assault or battery committed by any patron or customer of MGI, disclaimed coverage. MGI subsequently com-

menced the instant action for a judgment declaring that Tower is obligated to defend and indemnify it in the underlying action.

Tower demonstrated its entitlement to judgment as a matter of law by establishing that the assault and battery exclusion is applicable to the claims asserted against MGI in the underlying action (*see Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 349-352 [1996]; *US Underwriters Ins. Co. v Val-Blue Corp.*, 85 NY2d 821, 822-823 [1995]; *Shanna Golden, Ltd. v Tower Ins. Co. of N.Y.*, 1 AD3d 586, 587-588 [2003]; *Sphere Drake Ins. Co. v Block 7206 Corp.*, 265 AD2d 78, 78-80 [2000]; *Dudley's Rest. v United Natl. Ins. Co.*, 247 AD2d 425, 425-426 [1998]). In opposition, MGI failed to raise a triable issue of fact as to the exclusion's applicability. Accordingly, the Supreme Court should have granted Tower's cross motion for summary judgment declaring that it is not obligated to defend and indemnify MGI in the underlying action.

Since Tower is entitled to summary judgment in the instant action, the Supreme Court should not have directed a joint trial of the instant action and the underlying action, as that issue has been rendered academic (*see Paramount Ins. Co. v Rosedale Gardens*, 293 AD2d 235, 242 [2002]).

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Richmond County, for the entry of a judgment declaring that Tower is not obligated to defend and indemnify MGI in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Florio, Belen and Austin, JJ., concur.