■ Melina Metalios et al., Appellants, v Tower Insurance Company of New York et al., Respondents. [910 NYS2d 28]—

Order and judgment (one paper), Supreme Court, New York County (Louis B. York, J.), entered June 17, 2009, which granted defendants' motions for summary judgment declaring they had no duty to defend or indemnify plaintiffs in an underlying personal injury action, unanimously modified, on the law, to deny the motion of defendant the Automobile Insurance Company of Hartford, Connecticut (AIC), and otherwise affirmed, without costs.

Plaintiff Metalios hosted a party on February 12, 2005 for employees and friends at her Pluck U restaurant after closing hours. Early the next morning, Metalios witnessed a guest and former employee engaged in a verbal altercation with someone in the restaurant's kitchen, and a fight ensued. Shortly thereafter, a Pluck U employee fatally stabbed the guest and injured another person outside the restaurant.

The court properly declined to find that defendant Tower had a duty to defend or indemnify, based on the "assault and battery" exclusion in the commercial lines policy issued to Pluck U (*see Marina Grand, Inc. v Tower Ins. Co. of N.Y.*, 63 AD3d 1012 [2009]; *New York Cas. Ins. Co. v Ward*, 139 AD2d 922 [1988]). Because the complaint's negligence allegations could not survive except for the assault, those claims are deemed to have arisen from the assault and are thus subject to the assault and battery exclusion (*see Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 353 [1996]). Nor is there merit to Pluck U's argument that the exclusion is inapplicable because the insured was not involved in the assault. That the endorsement containing the exclusion was unsigned is also irrelevant because it was part of the insuring agreement. Where, as here, "the policy has been duly countersigned, an endorsement or rider which was a part of the policy when it was issued is valid even though not signed or countersigned by the insurer or its authorized representative" (68A NY Jur 2d, Insurance § 752; *see also Ruiz v State Wide Insulation & Constr. Corp.*, 269 AD2d 518, 519 [2000]).

However, the court erred in finding that defendant AIC had no duty to defend or indemnify, based on the "business pursuits" exclusion in the homeowners policy issued to Metalios (*see United Food Serv. v Fidelity & Cas. Co. of N.Y.*, 189 AD2d 74, 76-77 [1993]; *Stewart v Dryden Mut. Ins. Co.*, 156 AD2d 951 [1989]; *Home Ins. Co. v Aurigemma*, 45 Misc 2d 875, 879-880 [1965]). We recognize that a business purpose may render an otherwise social activity, such as the party at issue here, a business pursuit, even if the gathering was partially motivated by

social interests (*see West Am. Ins. Co. v California Mut. Ins. Co.*, 195 Cal App 3d 314, 324, 240 Cal Rptr 540, 545 [1987]). However, it is beyond cavil that "an insurer seeking to exclude coverage 'must do so "in clear and unmistakable" language' and any exclusions are given a strict and narrow interpretation" (*Bragin v Allstate Ins. Co.*, 238 AD2d 773, 774 [1997], quoting *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984], quoting *Kratzenstein v Western Assur. Co. of City of Toronto*, 116 NY 54, 59 [1889]). Furthermore, we recognize that it is the insurer's burden to establish the applicability of the claimed exclusion, and any ambiguity perceived in its language *"must be strictly construed against the insurer"* (*Allstate Ins. Co. v Noorhassan*, 158 AD2d 638, 639 [1990] [emphasis added]).

The exception to the exclusion, that "[t]his exclusion does not apply to: (1) activities which are ordinarily incident to non-business pursuits," dictates a result contrary to that reached by the motion court. The exception focuses on the objective nature of the activity itself rather than on the motivation of the policy holder. We find on this record that a social gathering is "ordinarily incident to a non-business pursuit." Thus, even if Metalios's motivation was in part that of employee morale, a party itself falls under the exception to the exclusion. Even were the exception somewhat ambiguous, it nevertheless must be strictly construed against AIC. Concur—Tom, J.P., Sweeny, Catterson, McGuire and Román, JJ. **[Prior Case History: 2009 NY Slip Op 31309(U).]**