In an action for a judgment declaring that the plaintiff is not obligated to indemnify the defendant Mumpus Restorations, Inc., in a personal injury action entitled Montalvo v Mumpus Restorations, Inc., pending in the Supreme Court, Queens County, under index No. 6139/06, the defendant Albert Guilbe Montalvo appeals from so much of an order of the Supreme Court, Queens County (Lane, J.), entered January 2, 2013, as denied his motion for summary judgment declaring that the plaintiff is obligated to indemnify the defendant Mumpus Restorations, Inc., in the underlying action.
Ordered that the order is affirmed insofar as appealed from; and it is further,
Ordered that, upon searching the record, the plaintiffs cross motion for summary judgment declaring that it is not obligated to indemnify the defendant Mumpus Restorations, Inc., in the underlying personal injury action is granted, so much of the order as denied the cross motion is vacated, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the plaintiff is not obligated to indemnify Mumpus Restorations, Inc., in the underlying personal injury action; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The appellant contends that his accident does not fall within the provision of the insurance policy issued by the plaintiff that excludes coverage for damages “arising out of any Roofing Operations, which involve any replacement roof or recovering of existing roof,” because the work out of which his injuries allegedly arose involved the replacement of only a portion of the subject building’s roof. Alternatively, he contends that the exclusion is ambiguous and should therefore be construed in his *939 favor. We disagree. While exclusions from coverage must be in clear and unmistakable language (see Holman v Transamerica Ins. Co., 81 NY2d 1026, 1028 [1993]), “the plain meaning of a policy’s language may not be disregarded to find an ambiguity where none exists” (Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co., 75 AD3d 533, 534 [2010]). Here, the policy’s plain meaning excludes coverage for injuries arising out of the work that allegedly led to the appellant’s accident, and nothing in the plain language of the agreement limited this exclusion to projects involving the replacement or re-covering of an entire roof. The appellant therefore failed to meet his burden of demonstrating his prima facie entitlement to judgment as a matter of law (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Additionally, this Court has the authority to search the record and award summary judgment to a nonappealing party with respect to an issue that was the subject of the motions before the Supreme Court (see Mack v Brown, 82 AD3d 133, 142 [2011]; Piedra v Matos, 40 AD3d 610, 611-612 [2007]; Capellan v King Wire Co., 19 AD3d 530, 532 [2005]). Since the evidence in the record unequivocally demonstrates that the activity which caused the appellant’s injury fell squarely within the exclusion from coverage in the policy of insurance issued by the plaintiff, the plaintiff is entitled to the relief requested in its cross motion, i.e., summary judgment declaring that it is not obligated to indemnify the defendant Mumpus Restorations, Inc., in the underlying personal injury action. Accordingly, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment declaring that the plaintiff is not obligated to indemnify Mumpus Restorations, Inc., in the underlying personal injury action (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]).
Mastro, J.E, Dillon, Leventhal and Duffy, JJ., concur.