OPINION OF THE COURT
Richard F. Braun, J.
This is an action for a declaratory judgment that plaintiff Hermitage Insurance Company is not obligated to defend and indemnify defendants Beer-Bros, Inc. of NYC and Shawn Morgan in connection with the personal injury claims by defendant Catiana Mourino in an underlying action in Supreme Court, Kings County. Mourino, the plaintiff in the underlying action, contends that she was injured when Beer-Bros’ security person/bouncer, Morgan, tackled defendant Mark Petrisch into Mourino. Allegedly, Petrisch, who was intoxicated, was denied admission by Morgan to Beer-Bros’ establishment, the Hop Devil Grill at 129 St. Marks Place, New York, New York. Petrisch then spit on Morgan who chased Petrisch across the street. Mourino was injured when Morgan tackled Petrisch into Mourino.
Plaintiff Hermitage moves for summary judgment contending that it has no duty to defend and indemnify Beer-Bros under an assault and battery exclusion in the liability policy that Hermitage issued to Beer-Bros because Mourino was injured as a bystander to the fight between Morgan and Petrisch, and under an independent contractor exclusion in the policy because Morgan was an independent contractor. Mourino counters that the complaint does not allege an assault or battery but rather that Morgan, a Beer-Bros employee, acted negligently in tackling Petrisch into Mourino, and that Beer-Bros was negligent in hiring, training, educating and supervising its security personnel, and in providing proper security. Beer-Bros joins in Mourino’s opposition.
A party moving for summary judgment must demonstrate that there are no disputed issues of fact and that he, she, or it is entitled thereto as a matter of law, pursuant to CPLR 3212 (b) (Smalls v AJI Indus., Inc., 10 NY3d 733, 735 [2008]; Pokoik v Pokoik, 115 AD3d 428 [1st Dept 2014]; see Hoover v New Holland N. Am., Inc., 23 NY3d 41, 56 [2014]). To defeat summary judgment, the party opposing the motion has to show that there is a material question(s) of fact that requires a trial (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; CitiFinan *371 cial Co. [DE] v McKinney, 27 AD3d 224, 226 [1st Dept 2006]; see Hoover v New Holland N. Am., Inc., 23 NY3d at 56). Contrary to Mourino’s contention, plaintiff can properly rely on unsigned deposition transcripts because they were certified as accurate by the court reporter (see White Knight Ltd. v Shea, 10 AD3d 567, 567-568 [1st Dept 2004]).
It is well settled that an insurer’s “duty to defend [its insured] is ‘exceedingly broad’ and an insurer will be called upon to provide a defense whenever the allegations of the complaint ‘suggest ... a reasonable possibility of coverage’ ” (Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006] [citation omitted]). “Conversely, if the allegations interposed in the underlying complaint allow for no interpretation which brings them within the policy provisions, then no duty to defend exists” (Atlantic Mut. Ins. Co. v Terk Tech. Corp., 309 AD2d 22, 29 [1st Dept 2003] [citations omitted]). As the Court of Appeals explained in Allstate Ins. Co. v Mugavero (79 NY2d 153, 162-163 [1992]): “the analysis depends on the facts which are pleaded, not the conclusory assertions . . . [W]here it can be determined from the factual allegations that no basis for recovery within the coverage of the policy is stated in the complaint, a court may sustain the insurer’s refusal to defend” (citations, brackets, and internal quotation marks omitted).
The insurance policy exclusion as to assault and battery provides:
“Assault and/or battery shall not be deemed an ‘occurrence’ or ‘injury’ under this insurance. The Company shall not be obligated to pay on behalf of or defend the insured for any claim alleging an assault and/or battery no matter how the assault and/or battery is alleged to have occurred.
“It is understood and agreed that this insurance does not apply to ‘bodily injury’ or ‘property damage’ arising or alleged to arise out of:
“A) An assault and/or battery caused by or at the instigation or direction of:
“1. the insured, his agent or employee;
“2. any patron of the insured; or “3. any other person; or
“B) Any act or omission of the insured, his agent or employee in connection with the prevention or suppression of an assault and/or battery or criminal acts by third parties.
*372 “However, this exclusion does not apply to bodily injury resulting from the use of reasonable force to protect persons or property.”
The independent contractor exclusion of the policy states in part:
“2. This insurance does not apply to ‘bodily injury’ or ‘property damage’ arising out of any and all work performed by independent contractors or subcontractors, regardless of whether such work is performed on your behalf or whether such work is performed for you or for others. This exclusion applies regardless of where such work is performed.
“3. This insurance does not apply to ‘bodily injury’ or ‘property damage’ included in the ‘products-completed operations hazard’ and arising out of any and all work performed by independent contractors or subcontractors, regardless of whether such work is performed on your behalf or whether such work is performed for you or for others. This exclusion applies regardless of where such work is performed.”
Morgan is alleged in the underlying complaint to have been an employee of defendant Beer-Bros. In addition, evidence submitted by plaintiff raises an issue of fact as to the applicability of the independent contractor exclusion.
However, even though Mourino pleads her claim in the underlying action as negligence, her injuries grew out of a battery, which is excluded from coverage. Regardless of the theory pleaded, if there would be no cause of action “but-for” an assault or battery, the exclusion applies (see Mount Vernon Fire Ins. Co. v Creative Hous., 88 NY2d 347, 350, 352 [1996]; U.S. Underwriters Ins. Co. v Val-Blue Corp., 85 NY2d 821, 823 [1995]; Metalios v Tower Ins. Co. of N.Y., 77 AD3d 471, 472 [1st Dept 2010]). That Morgan’s intentional act may have been directed at Petrisch and that Mourino was merely an innocent bystander would not change the fact that Mourino’s injuries arose out of a battery, and that is excluded from coverage (see Mark McNichol Enters. v First Fin. Ins. Co., 284 AD2d 964, 964-965 [4th Dept 2001]; Tower Ins. Co. of N.Y. v Old N. Blvd. Rest. Corp., 245 AD2d 241, 242 [1st Dept 1997] [“Even if, as defendants allege, McLane’s injuries resulted from the bouncer’s negligence, his affidavit makes it clear that his injuries ‘arose from’ an assault and battery, i.e., the altercation allegedly initiated by the bouncer, which involved McLane, his *373 friends and the bouncers. Therefore, the policy exclusion applies” (citation omitted)]; cf. Anastasis v American Safety Indem. Co., 12 AD3d 628, 630 [2d Dept 2004] [“plaintiff’s pleadings allege that he was struck or stepped on but those pleadings do not allege he was struck or stepped on intentionally”]; Essex Ins. Co. v T-Birds Nightclub & Rest., 229 AD2d 919, 920 [4th Dept 1996] [“complaint in the underlying action alleges, inter alia, that Michael Abbotoy sustained injuries when Alan Polonkiewicz and other agents of defendant ‘negligently and carelessly escorted’ him from the nightclub”]).
Accordingly, by separate decision and order of this court, dated May 8, 2015, the motion was granted to the extent of awarding plaintiff summary judgment declaring that plaintiff has no duty to defend and indemnify Beer-Bros in the underlying personal injury action brought by Mourino.