■ MARK McNICHOL ENTERPRISES, INC., Respondent, v FIRST FINANCIAL INSURANCE COMPANY, Appellant. [726 NYS2d 828] —Order unanimously reversed on the law without costs, motion granted and judgment granted in accordance with the following Memorandum: Plaintiff owns and operates a tavern in the City of Batavia. A patron in the tavern was injured when she was struck in the face by a beer bottle that had been thrown during a fight involving several other patrons. The patron brought an action to recover damages for her personal injuries. Plaintiff forwarded the papers to defendant, which had issued a commercial general liability insurance policy to plaintiff, and requested that defendant defend and indemnify it in the

underlying action. Defendant refused to do so based upon exclusions in the policy for claims "[a]rising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery." Supreme Court erred in denying the motion of defendant seeking summary judgment declaring that it has no duty to defend or indemnify plaintiff in the underlying personal injury action. "[I]f no cause of action would exist but for the assault, the claim is based on assault and the exclusion applies" (*Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 350; *see, U.S. Underwriters Ins. Co. v Val-Blue Corp.*, 85 NY2d 821, 823). The claims of negligence in the underlying action, including those for negligent supervision, are all claims "[a]rising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery," and thus fall within the exclusions of the commercial general liability policy (*see, Crouse W. Holding Corp. v Sphere Drake Ins. Co.*, 248 AD2d 932, 933, *affd* 92 NY2d 1017; *Mount Vernon Fire Ins. Co. v Creative Hous., supra*, at 351-353; *U.S. Underwriters Ins. Co. v Val-Blue Corp., supra*, at 823; *Sphere Drake Ins. Co. v Block 7206 Corp.*, 265 AD2d 78, 80; *Dudley's Rest. v United Natl. Ins. Co.*, 247 AD2d 425, 426; *Tower Ins. Co. v Old N. Blvd. Rest. Corp.*, 245 AD2d 241, 242). Therefore, we reverse the order, grant defendant's motion, and grant judgment in favor of defendant declaring that it has no duty to defend or indemnify plaintiff in the underlying personal injury action. (Appeal from Order of Supreme Court, Genesee County, Notaro, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Wisner, Kehoe and Burns, JJ.