■ In the Matter of TRANSTATE INSURANCE COMPANY. ESTIMINET, INC., Appellant; NEW YORK STATE SUPERINTENDENT OF INSURANCE, as Liquidator of TRANSTATE INSURANCE COMPANY, Respondent. [756 NYS2d 441] —In a liquidation proceeding pursuant to Insurance Law article 74, the claimant, Estiminet, Inc., appeals from an order of the Supreme Court, Nassau County (DeMaro, J.), dated February 5, 2002, which granted the motion of the respondent New York State Superintendent of Insurance to confirm the report of a Referee disallowing its claim for a defense and indemnification in an action entitled *Lehanka v Heffrons,* pending in the Supreme Court, Suffolk County, under Index No. 26742/98, and denied its cross motion to disaffirm the Referee's report.

Ordered that the order is affirmed, with costs.

It is well settled that an insurance carrier can be relieved of its duty to defend if it establishes, as a matter of law, that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision (*see Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875, 876 [1976]; *Allstate Ins. Co. v Bostic,* 228 AD2d 628 [1996]). The claimant, Estiminet, Inc. (hereinafter Estiminet), the owner of a restaurant/bar doing business under the name "Heffrons," sought a defense and indemnification from the New York State Superintendent of Insurance, as liquidator of Transtate Insurance Company (hereinafter the Insurer), under its commercial general liability policy in an action commenced against it by Christopher Lehanka. Since the underlying action arose from an assault and battery, the Supreme Court properly confirmed the Referee's report, affirming the Insurer's denial of the claim based upon a policy endorsement excluding claims arising from assault and battery (*see Mount Vernon Fire Ins. Co. v Creative Hous.,* 88 NY2d 347, 350 [1996]).

The appellant's remaining contentions are without merit. Santucci, J.P., Friedmann, Luciano and Rivera, JJ., concur.