■ DENNIS ANASTASIS, Appellant, v AMERICAN SAFETY INDEMNITY COMPANY et al., Respondents. [786 NYS2d 88]—

In an action for a judgment declaring that the defendant American Safety Indemnity Company is obligated to defend and indemnify the defendant Gotham City Night Club, Inc., doing business as World Bar Lounge, in an underlying action entitled *Anastasis v Gotham City Night Club, Inc., d/b/a World Bar Lounge,* pending in the Supreme Court, Queens County, under Index No. 31502/02, the plaintiff appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Satterfield, J.), dated October 6, 2003, as, in effect, granted that branch of the motion of the

defendants American Safety Indemnity Company and Apex Insurance Managers, LLC, which was to declare that American Safety Indemnity Company is not obligated to defend and indemnify the defendant Gotham City Night Club, Inc., doing business as World Bar Lounge in the underlying action.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendants American Safety Indemnity Company and Apex Insurance Managers, LLC, which was to declare that American Safety Indemnity Company is not obligated to defend and indemnify the defendant Gotham City Night Club, Inc., doing business as World Lounge, in the underlying action is denied, and it is declared that American Safety Indemnity Company is obligated to defend the defendant Gotham City Night Club, Inc., doing business as World Bar Lounge, in the underlying action.

At issue in this case is whether, as a matter of law, based upon the plaintiff's pleadings, the incident in question fell within the battery exclusion of the insurance policy. An exclusion for assault and/or battery applies if no cause of action would exist "but for" the assault and/or battery (*Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 353 [1996]).

In the underlying action to recover damages for personal injuries against the insured, Gotham City Night Club, Inc., doing business as World Bar Lounge (hereinafter the World Bar Lounge), the plaintiff alleged that he was "lawfully and properly traversing the premises" when he "was caused to be struck about his person, and be precipitated to the ground" as a result of the negligence of World Bar Lounge. In his verified complaint in the instant action for a judgment declaring that the insurance carrier, American Safety Indemnity Company (hereinafter American Safety), is obligated to defend and indemnify World Bar Lounge, the plaintiff claimed that he was injured when "a bouncer . . . stepped on and made contact with the plaintiff's foot and leg, causing the plaintiff to be precipitated to the ground."

"Battery" is defined in the policy as "harmful or offensive contact between or among two or more persons." The language "harmful or offensive contact" is apparently derived from the definition of the tort of battery, to wit, "bodily contact" which was "offensive" and which arose when the batterer "intended to make the contact without the plaintiff's consent" (*Bastein v Sotto,* 299 AD2d 432, 433 [2002]). An assault and battery exclusion applies if the causes of action alleged are "rooted in intentional tortious behavior" (*Silva v Utica First Ins. Co.,* 303

AD2d 487, 488 [2003]). Where no intentional assaultive acts are alleged in the complaint and the injuries may have resulted from "unintentional acts" such as allegations that a bouncer "negligently and carelessly escorted" a patron from the premises, the insurance carrier is required to defend notwithstanding the existence of an assault and battery exclusion (see *Essex Ins. Co. v T-Birds Nightclub & Rest.*, 229 AD2d 919, 920 [1996]).

In the order and judgment appealed from, the Supreme Court found in favor of American Safety on the ground that "[n]o cause of action would exist but for the intentional assaultive behavior alleged by plaintiff." However, contrary to the determination of the Supreme Court, the plaintiff's pleadings do not allege intentional assaultive behavior. Both of the plaintiff's pleadings allege that he was struck or stepped on but those pleadings do not allege he was struck or stepped on intentionally. Therefore, a battery is not alleged and it cannot be said as a matter of law that the battery exclusion applies. Accordingly, American Safety has a duty to defend (see *City of New York v Insurance Corp. of N.Y.*, 305 AD2d 443 [2003]). Ritter, J.P., S. Miller, Goldstein and Mastro, JJ., concur.