■ BRUCKNER REALTY, LLC, Plaintiff, v COUNTY OIL COMPANY, INC., Appellant, and AMERICAN HOME ASSURANCE COMPANY, Respondent, et al., Defendants. [838 NYS2d 87]—

In an action to recover damages pursuant to Navigation Law § 181 (5) and § 190, the defendant County Oil Company, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated February 27, 2006, as denied its motion for summary judgment on its cross claim against the defendant American Home Assurance Company, a company of American International Group, Inc., declaring that the defendant American Home Assurance Company, a company of American International Group, Inc., is obligated to defend it in this action pursuant to both a commercial auto insurance policy and a commercial general liability policy issued to the defendant Anchor Transit Corp., and granted the cross motion of the defendant American Home Assurance Company, a company of American International Group, Inc., for summary judgment declaring that it is not obligated to defend or indemnify the defendant County Oil Company, Inc., in this action.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County for the severance, from the main action, of the cross claim of the defendant County Oil Company, Inc., against the defendant American Home Assurance Company, a company of American International Group, Inc., for a judgment declaring that the defendant American Home Assurance Company, a company of American International Group, Inc., is obligated to defend and indemnify it in the main action pursuant to both a commercial auto insurance policy and a commercial general liability policy issued to the defendant Anchor Transit Corp., and for the entry of a judgment declaring that the defendant American Home Assurance Company, a company of American International Group, Inc., is not obligated to defend or indemnify the defendant County Oil Company, Inc., in the main action.

The plaintiff allegedly incurred damages, including, inter alia, significant expenses for environmental investigation, monitoring, and clean-up, after heating oil from a burst pipe in its heating system flowed into both the New York City Combined Sewer Overflow system and Weir Creek. The plaintiff commenced this action against, among others, County Oil Company, Inc. (hereinafter County Oil), which sold the oil, and Anchor Transit Corp. (hereinafter Anchor Transit), which delivered the oil via truck, alleging, inter alia, that a proximate cause of the burst pipe and discharge was that the heating oil failed to move

properly through the system because it was defective and/or contained impurities and/or was of an improper grade. County Oil asserted a cross claim against the defendant American Home Assurance Company, a company of American International Group, Inc. (hereinafter American), which issued both a commercial auto insurance policy and a commercial general liability policy to Anchor Transit. County Oil alleged, in its cross claim, that it was an additional insured under the policies, and was owed a defense and indemnification in this action. County Oil moved for summary judgment on its cross claim, seeking a declaration that American is obligated to provide it with a defense under the policies. American cross-moved, inter alia, for summary judgment declaring that it is not obligated to defend or indemnify County Oil under either policy. The Supreme Court denied County Oil's motion and granted American's cross motion. We affirm.

The duty to defend is triggered whenever the allegations of a complaint, liberally construed, suggest a reasonable possibility of coverage, or the insurer has actual knowledge of facts establishing a reasonable possibility of coverage (*see Automobile Ins. Co. of Hartford v Cook,* 7 NY3d 131 [2006]; *Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61 [1991]; *Sandy Cr. Cent. School Dist. v United Natl. Ins. Co.,* 37 AD3d 812 [2007]). The duty is not triggered where it may be concluded, as a matter of law, that there is no possible factual or legal basis upon which the insurer might eventually be held to be obligated to indemnify the claimant under any provision of the insurance policy (*see City of New York v Evanston Ins. Co.,* 39 AD3d 153 [2007]). An insurer may also disclaim coverage on the basis of a policy exclusion by demonstrating that the allegations of the complaint cast that pleading solely and entirely within the exclusion (*see Automobile Ins. Co. of Hartford v Cook, supra; Servidone Constr. Corp. v Security Ins. Co. of Hartford,* 64 NY2d 419 [1985]). Here, American demonstrated that the allegations of the complaint fell solely and entirely within a pollution exclusion in the commercial general liability policy (*see Physicians' Reciprocal Insurers v Giugliano,* 37 AD3d 442 [2007]). Thus, County Oil is not entitled to a defense or to indemnification under that policy. Further, American demonstrated that there is no possible factual or legal basis on which it might eventually be held to be obligated to indemnify County Oil under the commercial auto insurance policy (*see Hudson Riv. Concrete Prods. Corp. v Callanan Rd. Improvement Co.,* 5 AD2d 49 [1957]). The complaint does not allege any basis upon which it might be found that the alleged defective and/or impure and/or improperly graded fuel oil in the plaintiff's heating system arose from the

ownership, maintenance, or use of a covered vehicle within the meaning of the commercial auto insurance policy. Thus, County Oil is not entitled to a defense or indemnification under that policy.

County Oil's remaining contentions either are without merit or have been rendered academic in light of our determination.

Since the cross claim which is the subject of this appeal seeks a declaratory judgment, the cross claim must be severed from the main action, and we remit the matter to the Supreme Court, Nassau County, for that purpose, and for the entry of a judgment declaring that the defendant American Home Assurance Company, a company of American International Group, Inc., is not obligated to defend or indemnify the defendant County Oil Company, Inc., in the main action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Miller, J.P., Ritter, Covello and Balkin, JJ., concur.