■ WSTC Corp., Doing Business as Vibe, Respondent, v National Specialty Insurance Company, Appellant, et al., Defendant. [888 NYS2d 602]—

In an action for a judgment declaring that the defendant National Specialty Insurance Company is obligated to defend and indemnify WSTC Corp., doing business as Vibe, in an underlying action entitled *Mello v Green,* pending in the Supreme Court, Nassau County, under index No. 8435/06, that defendant appeals from an order of the Supreme Court, Nassau County (Spinola, J.), entered June 30, 2008, which denied its motion for summary judgment, in effect, declaring that it is not so obligated, and granted that branch of the plaintiff's cross motion which was for summary judgment declaring that it is obligated to defend WSTC Corp., doing business as Vibe, in the underlying action.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

In May 2006 Nicholas Mello commenced an action (hereinafter the underlying action) against, among others, the plaintiff WSTC Corp., doing business as Vibe (hereinafter Vibe), to recover damages for injuries he sustained while a patron at Vibe's premises. Vibe's insurance carrier, the defendant National Specialty Insurance Company (hereinafter NSIC), disclaimed coverage on the ground that the claims in the underlying action arose out of an assault and, thus, fell within the assault and battery exclusions of the commercial general liability insurance policy it had issued to Vibe. Thereafter, Vibe commenced the instant action against NSIC and Mello for a judgment declaring that NSIC is obligated to defendant and indemnify it in the underlying action.

NSIC moved for summary judgment, in effect, declaring that it is not obligated to defend and indemnify Vibe in the underlying action, and Vibe cross-moved for summary judgment declaring that NSIC is so obligated. Vibe argued, among other things, that it was not bound by the assault and battery exclusions since the necessary exclusion forms were never executed on its behalf. The Supreme Court denied NSIC's motion, and granted that branch of Vibe's cross motion which was for summary judgment declaring that NSIC is obligated to defend Vibe in the underlying action. The court, applying the general rule that the duty to defend is broader than the duty to indemnify, determined that the first cause of action asserted in the complaint in the underlying action sounded in negligence, which was covered by the policy and, therefore, NSIC was required to defend Vibe in the underlying action. The court held that any determination as to the applicability of the assault and battery exclusions would be premature. We reverse.

"An exclusion for assault and/or battery applies if no cause of action would exist 'but for' the assault and/or battery" (*Anastasis v American Safety Indem. Co.*, 12 AD3d 628, 629 [2004], quoting *Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 353 [1996]; *see U.S. Underwriters Ins. Co. v Val-Blue Corp.*, 85 NY2d 821, 823 [1995]). Here, the claims of negligence in the underlying action arise out of an assault and, thus, fall within the assault and battery exclusions (*see Mark McNichol Enters. v First Fin. Ins. Co.*, 284 AD2d 964, 965 [2001]; *Dudley's Rest. v United Natl. Ins. Co.*, 247 AD2d 425, 426 [1998]; *Sphere Drake Ins. Co. v 72 Ctr. Ave. Corp.*, 238 AD2d 574, 576 [1997]). If those exclusions are applicable, NSIC would have neither an obligation to defend Vibe in the underlying action, nor an obligation to indemnify it (*see e.g. Marina Grand, Inc. v Tower Ins. Co. of N.Y.*, 63 AD3d 1012, 1014 [2009]; *Haines v New York Mut. Underwriters*, 30 AD3d 1030 [2006]; *Essex Ins. Co. v Young*, 17 AD3d 1134, 1136 [2005]). However, the Supreme Court did not address Vibe's contention that the assault and battery exclusions were rendered inoperative because the exclusion forms were allegedly never executed on its behalf, a determination necessary to the disposition of both NSIC's motion and the entirety of Vibe's cross motion. Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a determination regarding the applicability of the assault and battery exclusions in light of Vibe's contention, and for a new determination on the motion and cross motion thereafter. Mastro, J.P., Balkin, Eng and Leventhal, JJ., concur.