■ JAMES BURGUND et al., Plaintiffs, v ESP CAFÉ, INC., Doing Business as RHYTHM & BREWS, et al., Defendants. (Action No. 1.) HERMITAGE INSURANCE COMPANY, Appellant, v ESP CAFÉ, INC., Doing Business as RHYTHM & BREWS, Respondent, et al., Defendant. (Action No. 2.) [924 NYS2d 401]—

In an action to recover damages for personal injuries, etc. (action No. 1), and an action for a judgment declaring that the plaintiff in action No. 2, Hermitage Insurance Company, is not obligated to defend or indemnify the defendant ESP Café, Inc., doing business as Rhythm & Brews, in action No. 1 (action No. 2), which were joined for trial, the plaintiff in action No. 2, Hermitage Insurance Company, appeals from an order of the Supreme Court, Richmond County (Fusco, J.), dated June 1, 2010, which denied its motion for summary judgment declaring that it is not obligated to defend or indemnify the defendant ESP Café, Inc., doing business as Rhythm & Brews, in action No. 1.

Ordered that the order is reversed, on the law, with costs, the motion of the plaintiff in action No. 2, Hermitage Insurance Company, for summary judgment declaring that it is not obligated to defend or indemnify the defendant ESP Café, Inc., doing business as Rhythm & Brews, in action No. 1 is granted, and the matter is remitted to the Supreme Court, Richmond County, for the entry of a judgment declaring that Hermitage Insurance Company is not obligated to defend or indemnify ESP Café, Inc., doing business as Rhythm & Brews, in action No. 1.

The defendant ESP Café, Inc., doing business as Rhythm & Brews (hereinafter ESP Café), the owner of a bar, sought defense and indemnification from Hermitage Insurance Company (hereinafter Hermitage) under its commercial general liability policy in a personal injury action commenced against it by one of its patrons (hereinafter the patron) and the patron's wife. The policy contained an exclusion for "bodily injury" arising out of an assault and battery. The patron alleged that he was injured when individuals employed by ESP Café attacked him inside the bar.

"The duty to defend is triggered whenever the allegations of a complaint, liberally construed, suggest a reasonable possibility of coverage, or the insurer has actual knowledge of facts establishing a reasonable possibility of coverage" (*Bruckner Realty, LLC v County Oil Co., Inc.*, 40 AD3d 898, 900 [2007]; *see Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61 [1991]). "[A]n insurance carrier can be relieved of its duty to defend if it

establishes, as a matter of law, that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (*Matter of Transtate Ins. Co.*, 303 AD2d 516 [2003]; *see Spoor-Lasher Co. v Aetna Cas. & Sur. Co.*, 39 NY2d 875, 876 [1976]). "An insurer may also disclaim coverage on the basis of a policy exclusion by demonstrating that the allegations of the complaint cast that pleading solely and entirely within the exclusion" (*Bruckner Realty, LLC v County Oil Co., Inc.*, 40 AD3d at 900; *see Servidone Constr. Corp. v Security Ins. Co. of Hartford*, 64 NY2d 419, 425 [1985]).

Here, Hermitage demonstrated that none of the three causes of action alleged in the personal injury action would exist but for the alleged assault and battery (*see Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 349-352 [1996]; *U.S. Underwriters Ins. Co. v Val-Blue Corp.*, 85 NY2d 821, 822-823 [1995]; *Shanna Golden, Ltd. v Tower Ins. Co. of N.Y.*, 1 AD3d 586, 587-588 [2003]; *Sphere Drake Ins. Co. v Block 7206 Corp.*, 265 AD2d 78, 78-80 [2000]; *Dudley's Rest. v United Natl. Ins. Co.*, 247 AD2d 425, 425-426 [1998]). Accordingly, it established its prima facie entitlement to judgment as a matter of law by demonstrating that the allegations of the complaint cast that pleading solely and entirely within the assault and battery exclusion (*see International Paper Co. v Continental Cas. Co.*, 35 NY2d 322, 325 [1974]; *Marina Grand, Inc. v Tower Ins. Co. of N.Y.*, 63 AD3d 1012, 1013-1014 [2009]; *Bruckner Realty, LLC v County Oil Co., Inc.*, 40 AD3d at 900; *Physicians' Reciprocal Insurers v Giugliano*, 37 AD3d 442, 444 [2007]).

In opposition, ESP Café offered no admissible evidence sufficient to raise a triable issue of fact to defeat Hermitage's prima facie showing of entitlement to judgment as a matter of law on the issue of its duty to defend or indemnify ESP Café (*see Marina Grand, Inc. v Tower Ins. Co. of N.Y.*, 63 AD3d at 1013-1014; *Physicians' Reciprocal Insurers v Giugliano*, 37 AD3d at 444; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *cf. M.J. Frenzy, LLC v Utica Natl. Ins. Group*, 309 AD2d 566 [2003]). Accordingly, the Supreme Court should have granted Hermitage's motion for summary judgment declaring that it is not obligated to defend or indemnify the defendant ESP Café in the personal injury action.

In view of the foregoing, we do not address Hermitage's remaining contention.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Richmond County, for the entry of a judgment declaring that Hermitage is not ob-

ligated to defend and indemnify ESP Café in the personal injury action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Leventhal, Sgroi and Miller, JJ., concur.