In an action for a judgment declaring that the plaintiff is only obligated to provide coverage up to a limit of $100,000 under a policy of insurance issued to the defendant Long Island Pourhouse, Inc., in an underlying action entitled Loganzo v Long Is. Pourhouse, Inc., commenced in the Supreme Court, Suffolk County, under index No. 7001/05, the defendant Anthony W. Loganzo appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Tanenbaum, J.), dated October 4, 2011, as granted that branch of the plaintiff’s motion which was for summary judgment on the complaint and is, in effect, in favor of the plaintiff and against him, declaring that the plaintiff is only obligated to provide insurance coverage up to a limit of $100,000 under the policy in the underlying action.
Ordered that the order and judgment is affirmed insofar as appealed from, with costs.
On April 22, 2002, the defendant Anthony W Loganzo was at a bar owned and operated by the defendant Long Island Pourhouse, Inc. (hereinafter Pourhouse). At some point, Pourhouse employees allegedly began beating Loganzo, and then chased him out of the bar and into oncoming traffic, where he was struck by a motor vehicle and sustained serious personal injuries. On April 22, 2005, Loganzo commenced a personal injury action (hereinafter the underlying action) against Pourhouse and others. Loganzo alleged, inter alia, that Pourhouse’s employees negligently maintained, controlled, and operated Pourhouse’s premises.
Pourhouse’s insurer, the plaintiff, American Safety Indemnity Company, subsequently commenced this declaratory judgment *836 action seeking a declaration that, under the policy of insurance issued to Pourhouse, it was only obligated to provide coverage up to a limit of $100,000 in the underlying action. The plaintiff moved, inter alia, for summary judgment on the complaint, arguing that although the policy provided general liability coverage and liquor liability coverage up to $1,000,000, the policy also contained an assault and battery endorsement, which limited coverage for damages arising out of an assault or battery to $100,000.
The plaintiff established its prima facie entitlement to judgment as a matter of law by demonstrating that the assault and battery endorsement’s limitation is applicable to the claims asserted against Pourhouse by Loganzo in the underlying action (see Mount Vernon Fire Ins. Co. v Creative Hous., 88 NY2d 347, 349-352 [1996]; U.S. Underwriters Ins. Co. v Val-Blue Corp., 85 NY2d 821, 822-823 [1995]; Burgund v ESP Café, Inc., 84 AD3d 849, 851 [2011]; Marina Grand, Inc. v Tower Ins. Co. of N.Y., 63 AD3d 1012, 1014 [2009]). In opposition, Loganzo failed to raise a triable issue of fact as to the applicability of the assault and battery endorsement’s limitation. Accordingly, the Supreme Court properly granted that branch of the plaintiff’s motion which was for summary judgment, and declared that the plaintiff is only obligated to provide insurance coverage up to a limit of $100,000 under the policy in the underlying action. Balkin, J.P., Hall, Lott and Miller, JJ., concur.