■ MIAJA PARLER, Appellant, v NORTH SEA INSURANCE COMPANY, Respondent. (And a Third-Party Action.) [11 NYS3d 659]—

In an action for a judgment declaring, inter alia, that North Sea Insurance Company is obligated to defend and indemnify Effie's Pub Corp. and 609 Montauk Corp. in an underlying action entitled *Parler v Effie's Pub Corp.*, pending in the Supreme Court, Nassau County, under index No. 12263/09, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Janowitz, J.), entered September 4, 2013, which, upon an order of the same court dated July 2, 2013, among other things, granting that branch of the cross motion of North Sea Insurance Company which was for summary judgment declaring that it was not so obligated, declared that North Sea Insurance Company was not obligated to defend or indemnify Effie's Pub Corp. and 609 Montauk Corp. in the underlying action.

Ordered that the judgment is affirmed, with costs.

On March 12, 2009, the plaintiff sustained injuries while a patron at a bar known as "Bill's Place" or "Billy's Place" in Suffolk County, when an unknown individual struck her in the face with a bar stool during an altercation involving several

other patrons. The plaintiff commenced an action (hereinafter the underlying action) against, among others, Effie's Pub Corp., which operated the bar, and 609 Montauk Corp., which owned the premises (hereinafter together the pub defendants), alleging that her injuries were caused by their negligence in, inter alia, failing to provide suitable security and continuing to serve alcoholic beverages to visibly intoxicated patrons. According to the plaintiff's bill of particulars, dated August 17, 2009, the pub defendants were negligent in causing and permitting her to be "wantonly, recklessly, intentionally and maliciously assaulted" and "physically battered . . . without justification."

On April 7, 2009, after receipt of a notice of occurrence from the pub defendants, the defendant/third-party plaintiff, North Sea Insurance Company (hereinafter North Sea), disclaimed coverage based on the existence of an assault and battery exclusion and a liquor liability exclusion in an insurance policy that it had issued to the pub defendants. The plaintiff commenced the instant action against North Sea, seeking a judgment declaring that the policy issued by North Sea to the pub defendants obligated North Sea to defend and indemnify the pub defendants in connection with her claims in the underlying action. North Sea thereafter commenced a third-party action against the pub defendants.

"The duty to defend is triggered whenever the allegations of a complaint, liberally construed, suggest a reasonable possibility of coverage, or the insurer has actual knowledge of facts establishing a reasonable possibility of coverage" (*Bruckner Realty, LLC v County Oil Co., Inc.*, 40 AD3d 898, 900 [2007]; *see Burgund v ESP Café, Inc.*, 84 AD3d 849, 850-851 [2011]). "[A]n insurance carrier can be relieved of its duty to defend if it establishes, as a matter of law, that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (*Matter of Transtate Ins. Co.*, 303 AD2d 516, 516 [2003]). "An insurer may also disclaim coverage on the basis of a policy exclusion by demonstrating that the allegations of the complaint cast that pleading solely and entirely within the exclusion" (*Bruckner Realty, LLC v County Oil Co., Inc.*, 40 AD3d at 900). "An exclusion for assault and/or battery applies if no cause of action would exist 'but for' the assault and/or battery" (*Anastasis v American Safety Indem. Co.*, 12 AD3d 628, 629 [2004]; *see WSTC Corp. v National Specialty Ins. Co.*, 67 AD3d 781, 783 [2009]).

Here, North Sea demonstrated its prima facie entitlement to judgment as a matter of law by establishing that the assault

and battery exclusion is applicable to the claims asserted by the plaintiff against the pub defendants in the underlying action (*see Burgund v ESP Café, Inc.*, 84 AD3d at 851; *Mark McNichol Enters. v First Fin. Ins. Co.*, 284 AD2d 964, 965 [2001]; *Dudley's Rest. v United Natl. Ins. Co.*, 247 AD2d 425, 425-426 [1998]; *Sphere Drake Ins. Co. v 72 Ctr. Ave. Corp.*, 238 AD2d 574, 576 [1997]; *see also American Safety Indem. Co. v Loganzo*, 107 AD3d 835, 836 [2013]). The claims asserted by the plaintiff in the underlying action arise out of the assault and, thus, fall within the exclusion under the subject policy (*see WSTC Corp. v National Specialty Ins. Co.*, 67 AD3d at 783; *Mark McNichol Enters. v First Fin. Ins. Co.*, 284 AD2d at 965).

In opposition, the plaintiff failed to raise a triable issue of fact as to the exclusion's applicability (*see Burgund v ESP Café, Inc.*, 84 AD3d at 851; *Marina Grand, Inc. v Tower Ins. Co. of N.Y.*, 63 AD3d 1012, 1014 [2009]). Contrary to the plaintiff's contention, the fact that the bar stool made physical contact with her and not the intended target does not negate the conclusion that the act was done with the intention to commit an assault or a battery (*see* Restatement [Second] of Torts § 20 [2]; *Mark McNichol Enters. v First Fin. Ins. Co.*, 284 AD2d at 964-965). Accordingly, the Supreme Court properly awarded judgment in favor of North Sea declaring that it had no duty to defend and indemnify the pub defendants in the underlying action. Rivera, J.P., Hall, Austin and LaSalle, JJ., concur.