(December 23, 2015)

■ STEFANI AMATO, Appellant, v NATIONAL SPECIALTY INSURANCE COMPANY et al., Respondents. [21 NYS3d 696]—

In an action for a judgment declaring that the defendants National Specialty Insurance Company and Risk Control Associates Insurance Group are obligated to defend and indemnify the defendant Hylan Bistro, Inc., doing business as Bistro Restaurant, in a personal injury action entitled *Amato v Hylan Bistro, Inc., doing business as Bistro Restaurant*, pending in the Supreme Court, Richmond County, under index No. 104948/08, the plaintiff appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated September 9, 2013,

which granted the motion of the defendants National Specialty Insurance Company and Risk Control Associates Insurance Group for summary judgment declaring that they were not obligated to defend and indemnify the defendant Hylan Bistro, Inc., doing business as Bistro Restaurant, in the underlying action, and denied the plaintiff's cross motion for summary judgment seeking a declaration in their favor.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Richmond County, for the entry of a judgment declaring that the defendants National Speciality Insurance Company and Risk Control Associates Insurance Group are not obligated to defend and indemnity the defendant Hylan Bistro, Inc., doing business as Bistro Restaurant, in a personal injury action entitled *Amato v Hylan Bistro, Inc., doing business as Bistro Restaurant*, pending in the Supreme Court, Richmond County, under index No. 104948/2008.

The plaintiff alleges that on December 21, 2007, she sustained injuries as a result of an altercation with an intoxicated patron at an establishment owned by the defendant Hylan Bistro, Inc., doing business as Bistro Restaurant (hereinafter Hylan Bistro) in Richmond County. As relevant to this appeal, the plaintiff commenced a personal injury action against the patron and Hylan Bistro alleging, inter alia, that Hylan Bistro was liable for her injuries for having unlawfully and knowingly sold or provided alcohol to a visibly intoxicated patron, who was known by Hylan Bistro to become intoxicated and violent, and that such intoxication contributed to the patron suddenly assaulting, battering, striking, and/or otherwise injuring the plaintiff. The complaint also alleged that Hylan Bistro, knowing the patron's propensity for violence, violated the Dram Shop Act by allowing the patron to become and remain intoxicated on the premises, had negligently supervised, trained, and instructed its staff and employees, and had failed to safely maintain the premises for its patrons, including the plaintiff. The defendant National Specialty Insurance Company, through its claims administrator, the defendant Risk Control Associates Insurance Group (hereinafter together the insurance defendants), provided certain insurance coverage to Hylan Bistro. On January 21, 2009, Hylan Bistro informed the insurance defendants about the subject incident.

On January 26, 2009, after acknowledging receipt of a notice of claim, the insurance defendants disclaimed coverage based on the existence of an assault and battery exclusion endorsement in the insurance policy issued to Hylan Bistro.

Thereafter, the plaintiff commenced this action seeking a declaration, inter alia, that the policy issued by the insurance defendants to Hylan Bistro provided coverage for her claims against Hylan Bistro in the personal injury action and that the insurance defendants were obligated to defend and indemnify Hylan Bistro in that action. The insurance defendants moved for summary judgment declaring that they were not obligated to defend and indemnify Hylan Bistro in the underlying action, and the plaintiff cross-moved for summary judgment. The Supreme Court granted the insurance defendants' motion on the ground that coverage and a defense of Hylan Bistro was precluded under the terms of the policy, specifically the assault and battery exclusion endorsement, because each of the claims raised by the plaintiff against Hylan Bistro in the personal injury action arose out of the assault and/or battery by the intoxicated patron. The court also denied the plaintiff's cross motion. The plaintiff appeals.

"The duty to defend is triggered whenever the allegations of a complaint, liberally construed, suggest a reasonable possibility of coverage, or the insurer has actual knowledge of facts establishing a reasonable possibility of coverage" (*Bruckner Realty, LLC v County Oil Co., Inc.*, 40 AD3d 898, 900 [2007]; *see Parler v North Sea Ins. Co.*, 129 AD3d 926, 927 [2015]; *Burgund v ESP Café, Inc.*, 84 AD3d 849, 850-851 [2011]). "[A]n insurance carrier can be relieved of its duty to defend if it establishes, as a matter of law, that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (*Matter of Transtate Ins. Co.*, 303 AD2d 516, 516 [2003]). "An insurer may also disclaim coverage on the basis of a policy exclusion by demonstrating that the allegations of the complaint cast that pleading solely and entirely within the exclusion" (*Bruckner Realty, LLC v County Oil Co., Inc.*, 40 AD3d at 900). "An exclusion for assault and/or battery applies if no cause of action would exist 'but for' the assault and/or battery" (*Anastasis v American Safety Indem. Co.*, 12 AD3d 628, 629 [2004], quoting *Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 353 [1996]; *see Parler v North Sea Ins. Co.*, 129 AD3d at 927; *WSTC Corp. v National Specialty Ins. Co.*, 67 AD3d 781, 783 [2009]).

In support of their motion, the insurance defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that the claims asserted by the plaintiff against Hylan Bistro in the personal injury action fall within the terms of the assault and battery exclusion endorsement (*see Parler v North Sea Ins. Co.*, 129 AD3d at 928;

*Burgund v ESP Café, Inc.*, 84 AD3d at 851; *Mark McNichol Enters. v First Fin. Ins. Co.*, 284 AD2d 964, 965 [2001]; *Dudley's Rest. v United Natl. Ins. Co.*, 247 AD2d 425, 425-426 [1998]; *Sphere Drake Ins. Co. v 72 Ctr. Ave. Corp.*, 238 AD3d 574, 576 [1997]). Each of the claims asserted by the plaintiff in the personal injury action arises out of the assault and/or battery, and thus, fall within the subject policy's exclusion endorsement (*see Parler v North Sea Ins. Co.*, 129 AD3d at 928; *WSTC Corp. v National Specialty Ins. Co.*, 67 AD3d at 783; *Mark McNichol Enters. v First Fin. Ins. Co.*, 284 AD2d at 965).

In opposition, the plaintiff failed to raise a triable issue of fact as to the applicability of the exclusion endorsement (*see Parler v North Sea Ins. Co.*, 129 AD3d at 928; *Burgund v ESP Café, Inc.*, 84 AD3d at 851; *Marina Grand, Inc. v Tower Ins. Co. of N.Y.*, 63 AD3d 1012, 1014 [2009]).

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court properly granted the insurance defendants' motion and denied the plaintiff's cross motion.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Richmond County, for the entry of a judgment declaring that the insurance defendants are not obligated to defend and indemnity Hylan Bistro in the underlying personal injury action entitled *Amato v Hylan Bistro, Inc., doing business as Bistro Restaurant* (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Rivera, J.P., Leventhal, Miller and Duffy, JJ., concur.