Union Mut. Fire Ins. Co. v Johnson (2020 NY Slip Op 07947)





Union Mut. Fire Ins. Co. v Johnson


2020 NY Slip Op 07947


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-11445
 (Index No. 510293/15)

[*1]Union Mutual Fire Insurance Company, appellant,
v
Cleveland Johnson, defendant, Christopher Riggs, respondent.


Gold, Benes, LLP, Bellmore, NY (Jeffrey B. Gold of counsel), for appellant.



DECISION & ORDER
In an action for a judgment declaring that an insurance policy issued by the plaintiff to the defendant Cleveland Johnson is void ab initio and that the plaintiff is not required to defend or indemnify Cleveland Johnson in an underlying action entitled Briggs v Johnson, pending in the Supreme Court, Kings County, under Index No. 507698/15, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated May 10, 2017. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the complaint.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
On June 22, 2014, the defendant Christopher Briggs, incorrectly sued herein as Christopher Riggs (hereinafter Briggs), was injured at premises owned by the defendant Cleveland Johnson (hereinafter the subject premises), when he sustained several gunshot wounds to his abdomen. Briggs commenced an action against Johnson to recover damages for the injuries he sustained as a result of the shooting (hereinafter the underlying action).
During the relevant time period, Johnson was insured by the plaintiff, Union Mutual Fire Insurance Company (hereinafter Union Mutual), pursuant to an insurance policy in effect from June 7, 2014, through June 7, 2015, covering the subject premises (hereinafter the subject policy). After Union Mutual received notice that Johnson sought coverage under the subject policy for the underlying action, it sent Johnson a declination letter wherein it stated that pursuant to the assault and/or battery exclusion in the subject policy, Johnson's liability for any damage that resulted from the shooting was not covered, and further, as he had misrepresented the nature of his use of the subject premises, the subject policy was void ab initio.
Union Mutual then commenced the instant action against Johnson and Briggs for a judgment declaring that: (1) pursuant to the assault and/or battery exclusion in the subject policy, Union Mutual is not obligated to defend or indemnify Johnson in connection with the underlying action, and (2) based on Johnson's material misrepresentations regarding his use of the subject premises, the subject policy is void ab initio.
Union Mutual moved, inter alia, for summary judgment on the complaint. The Supreme Court denied that branch of Union Mutual's motion "without prejudice to being renewed [*2]after reasonable discovery." Union Mutual appeals.
"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; see Zuckerman v City of New York, 49 NY2d 557, 562). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853 ).
"The duty to defend is triggered whenever the allegations of a complaint, liberally construed, suggest a reasonable possibility of coverage, or the insurer has actual knowledge of facts establishing a reasonable possibility of coverage" (Bruckner Realty, LLC v County Oil Co., Inc., 40 AD3d 898, 900; see Amato v National Specialty Ins. Co., 134 AD3d 966, 968; Parler v North Sea Ins. Co., 129 AD3d 926, 927). "[A]n insurance carrier can be relieved of its duty to defend if it establishes, as a matter of law, that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (Matter of Transtate Ins. Co., 303 AD2d 516, 516). "An insurer may also disclaim coverage on the basis of a policy exclusion by demonstrating that the allegations of the complaint cast that pleading solely and entirely within the exclusion" (Bruckner Realty, LLC v County Oil Co., Inc., 40 AD3d at 900).
Here, in the underlying action, Briggs alleged in relevant part that: he "sustained injuries while lawfully at the [subject] premises, including severe injuries to his abdomen"; Johnson was "negligent in failing to properly monitor, secure, supervise and/or intervene to prevent an individual from entering the residence with a firearm"; the "incident occurred as a result of [Johnson's] negligence"; and that Briggs "sustained serious injuries, including a colostomy, as a result of [Johnson's] negligence." Further, the assault and/or battery exclusion in the subject policy carves out an exception to the exclusion for "bodily injury resulting from use of reasonable force to protect persons or property." As the record is silent as to the identity or motive of the shooter, Union Mutual failed to establish, prima facie, that the allegations in the complaint in the underlying action cast that complaint solely and entirely within the assault and/or battery exclusion so as to entitle it to judgment as a matter of law.
Union Mutual's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's denial of that branch of Union Mutual's motion which was for summary judgment on the complaint without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court