Great Am. E&S Ins. Co. v Commack Hotel, LLC (2022 NY Slip Op 06915)

Great Am. E&S Ins. Co. v Commack Hotel, LLC

2022 NY Slip Op 06915

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2019-13798
 (Index No. 615088/16)

[*1]Great American E & S Insurance Company, respondent, 
v
Commack Hotel, LLC, etc., et al., defendants, Stanley Davis, etc., appellant.

Stanley Davis, Shirley, NY, appellant pro se.
Kiernan Trebach, LLP, New York, NY (Alexander H. Gillespie of counsel), for respondent.

DECISION & ORDER
In an action for a judgment declaring that the plaintiff, Great American E & S Insurance Company, is only obligated to provide coverage up to a limit of $25,000 under a policy of insurance issued to the defendant Commack Hotel, LLC, doing business as Howard Johnson, in an underlying action entitled Stanley Davis, as Administrator of the goods, chattels and credits which were of Stanley Earl Davis Jr., deceased, against Commack Hotel, LLC, doing business as Howard Johnson and Carlos J. Rodriguez, commenced in the Supreme Court, Suffolk County, under Index No. 12197/2011, the defendant Stanley Davis appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated October 21, 2019. The order granted the plaintiff's motion for summary judgment on the complaint.
ORDERED that the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, making the appropriate declaration in favor of the plaintiff.
On November 13, 2010, the defendant Stanley Davis's son (hereinafter the decedent) was stabbed to death by the defendant Carlos Rodriguez during a party in a room at a hotel owned by the defendant Commack Hotel, LLC, doing business as Howard Johnson (hereinafter Howard Johnson). In an underlying action entitled Davis v Commack Hotel, LLC, the defendant Stanley Davis, as administrator of the decedent's estate, was awarded summary judgment on the issue of liability against, among others, Howard Johnson, the plaintiff's insured. Following that determination, the plaintiff commenced this action for a judgment declaring that it owes no obligation to indemnify Howard Johnson in excess of $25,000 under the assault and battery limits of liability endorsement of its insurance policy, and moved for summary judgment on the complaint. In an order dated October 21, 2019, the Supreme Court granted the plaintiff's motion, finding that the plaintiff's obligation to pay damages on behalf of Howard Johnson in connection with the underlying action was limited to the assault and battery sublimit set forth in the endorsement. Davis appeals, and we affirm.
"The duty to defend is triggered whenever the allegations of a complaint, liberally construed, suggest a reasonable possibility of coverage, or the insurer has actual knowledge of facts [*2]establishing a reasonable possibility of coverage" (Bruckner Realty, LLC v County Oil Co., Inc., 40 AD3d 898, 900). "[A]n insurance carrier can be relieved of its duty to defend if it establishes, as a matter of law, that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (Matter of Transtate Ins. Co., 303 AD2d 516, 516). "An insurer may also disclaim coverage on the basis of a policy exclusion by demonstrating that the allegations of the complaint cast that pleading solely and entirely within the exclusion" (Bruckner Realty, LLC v County Oil Co., Inc., 40 AD3d at 900). "Policy exclusions are subject to strict construction and must be read narrowly, and any ambiguities in the insurance policy are to be construed against the insurer. However, unambiguous provisions of insurance contracts will be given their plain and ordinary meaning" (Scottsdale Indemn. Co. v Beckerman, 120 AD3d 1215, 1218-1219 [internal citations and quotation marks omitted]).
"An exclusion for assault and/or battery applies if no cause of action would exist 'but for' the assault and/or battery" (Anastasis v American Safety Indem. Co., 12 AD3d 628, 629, quoting Mount Vernon Fire Ins. Co. v Creative Hous., 88 NY2d 347, 353; see Parler v North Sea Ins. Co., 129 AD3d 926, 927; Burgund v ESP Café, Inc., 84 AD3d 849, 850; Marina Grand, Inc. v Tower Ins. Co. of N.Y., 63 AD3d 1012, 1014). This Court has determined that negligence claims arising from an assault and battery also fall under assault and battery endorsements that limit coverage for damages (see American Safety Indem. Co. v Loganzo, 107 AD3d 835, 836).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by demonstrating that the assault and battery endorsement's limitation is applicable to the claims asserted against Howard Johnson by Davis in the underlying action (see id. at 836). In opposition, Davis failed to raise a triable issue of fact as to the applicability of the assault and battery endorsement's limitation. Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint, which sought a judgment declaring that the plaintiff is only obligated to provide insurance coverage up to a limit of $25,000 under the policy in the underlying action.
Davis's remaining contentions are without merit.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, making the appropriate declaration in favor of the plaintiff (see Lanza v Wagner, 11 NY2d 317, 334).
BARROS, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court