Swan USA, Inc. v Wesco Ins. Co. (2023 NY Slip Op 03493)

Swan USA, Inc. v Wesco Ins. Co.

2023 NY Slip Op 03493

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
JANICE A. TAYLOR, JJ.

2020-03469
 (Index No. 710105/18)

[*1]Swan USA, Inc., et al., appellants, et al., plaintiff,
v
Wesco Insurance Company, respondent.

Kimm Law Firm, Bayside, NY (Michael S. Kimm of counsel), for appellants.
Kennedys CMK LLP, New York, NY (Max W. Gershweir of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, in effect, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs Swan USA, Inc., Swan U.S.A., Inc., doing business as Sik Gaek II, Sik Gaek II, Chul Ho Park, and Jin Young Chung in an underlying personal injury action entitled Hwayoung Lee v Swan USA, Inc., pending in the Supreme Court, Queens County, under Index No. 703218/18, the plaintiffs Swan USA, Inc., Swan U.S.A., Inc., doing business as Sik Gaek II, Sik Gaek II, Chul Ho Park, and Jin Young Chung appeal from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered August 20, 2019. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Swan USA, Inc., Swan U.S.A., Inc., doing business as Sik Gaek II, Sik Gaek II, Chul Ho Park, and Jin Young Chung and declaring that it is not obligated to defend or indemnify those plaintiffs in the underlying action, and denied those branches of the cross-motion of the plaintiffs Swan USA, Inc., Swan U.S.A., Inc., doing business as Sik Gaek II, Sik Gaek II, Chul Ho Park, and Jin Young Chung which were for summary judgment on the complaint insofar as asserted by them and declaring that the defendant is obligated to defend and indemnify them in the underlying action, and denied, as academic, that branch of their cross-motion which was to compel certain disclosure.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the defendant is not obligated to defend or indemnify the plaintiffs Swan USA, Inc., Swan U.S.A., Inc., doing business as Sik Gaek II, Sik Gaek II, Chul Ho Park, and Jin Young Chung in the underlying action entitled Hwayoung Lee v Swan USA, Inc., pending in the Supreme Court, Queens County, under Index No. 703218/18.
The plaintiffs Swan USA, Inc., Swan U.S.A., Inc., doing business as Sik Gaek II, Sik Gaek II, Chul Ho Park, and Jin Young Chung (hereinafter collectively the plaintiffs) operate or are employed by a restaurant known as Sik Gaek. A patron of the restaurant, Hwayoung Lee, commenced an action, entitled Hwayoung Lee v Swan USA, Inc., against the plaintiffs in the Supreme Court, Queens County, under Index No. 703218/18 (hereinafter the underlying action), related to an assault committed on her by another patron of the restaurant, Kelly Liang. Hwayoung Lee alleged that the plaintiffs negligently served Liang with alcohol when Liang was visibly [*2]intoxicated and the plaintiffs negligently failed to prevent the assault. Hwayoung Lee asserted causes of action against the plaintiffs alleging negligence, negligent hiring, supervision, and training of employees, and violation of the Dram Shop Act. The plaintiffs sought defense and indemnification from their insurer, the defendant, Wesco Insurance Company (hereinafter Wesco). Wesco disclaimed coverage based upon, among other provisions, an assault and battery exclusion in the subject insurance policy.
The plaintiffs thereafter commenced this action to recover damages for breach of contract and bad-faith denial of coverage, and, in effect, for a judgment declaring that Wesco is obligated to defend and indemnify them in the underlying action. Wesco moved, inter alia, for summary judgment dismissing the complaint insofar as asserted by the plaintiffs and declaring that it has no duty to defend or indemnify them in the underlying action. The plaintiffs cross-moved, among other things, for summary judgment on the complaint insofar as asserted by them and declaring that Wesco is obligated to defend and indemnify them in the underlying action, and to compel certain disclosure. The Supreme Court, inter alia, granted those branches of Wesco's motion and denied those branches of the plaintiffs' cross-motion. The plaintiffs appeal.
"An insurer's duty to defend is broader than the duty to indemnify and arises whenever the allegations of the complaint against the insured, liberally construed, potentially fall within the scope of the risks undertaken by the insurer" (Salt Constr. Corp. v Farm Family Cas. Ins. Co., 120 AD3d 568, 569; see Fieldston Prop. Owners Assn., Inc. v Hermitage Ins. Co., Inc., 16 NY3d 257, 264; Sammy v First Am. Tit. Ins. Co., 205 AD3d 949, 953). Moreover, if "any of the claims against the insured arguably arise from covered events, the insurer is required to defend the entire action" (Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 175; see Town of Massena v Healthcare Underwriters Mut. Ins. Co., 98 NY2d 435, 443). An insurer may be relieved of its duty to defend on the basis of a policy exclusion by establishing, as a matter of law, "that the allegations of the [underlying] complaint cast that pleading solely and entirely within the exclusion" (Bruckner Realty, LLC v County Oil Co., Inc., 40 AD3d 898, 900; see Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d at 175; Amato v National Specialty Ins. Co., 134 AD3d 966, 968). "An exclusion for assault and/or battery applies if no cause of action would exist 'but for' the assault and/or battery" (Anastasis v American Safety Indem. Co., 12 AD3d 628, 629, quoting Mount Vernon Fire Ins. Co. v Creative Hous., 88 NY2d 347, 353; see Amato v National Specialty Ins. Co., 134 AD3d at 968-969; Parler v North Sea Ins. Co., 129 AD3d 926, 927).
Here, Wesco demonstrated its prima facie entitlement to judgment as a matter of law by establishing that the assault and battery exclusion is applicable to the claims asserted by Hwayoung Lee against the plaintiffs in the underlying action (see Amato v National Specialty Ins. Co., 134 AD3d at 968-969). The claims asserted by Hwayoung Lee in the underlying action arise out of the assault and, thus, fall within the exclusion under the subject policy (see id.; Parler v North Sea Ins. Co., 129 AD3d at 928; WSTC Corp. v National Specialty Ins. Co., 67 AD3d 781, 783; Marina Grand, Inc. v Tower Ins. Co. of N.Y., 63 AD3d 1012, 1014; Mark McNichol Enters. v First Fin. Ins. Co., 284 AD2d 964, 965).
In opposition, the plaintiffs failed to raise a triable issue of fact as to the exclusion's applicability (see Amato v National Specialty Ins. Co., 134 AD3d at 969). Accordingly, the Supreme Court properly granted those branches of Wesco's motion which were for summary judgment declaring that it is not obligated to defend or indemnify the plaintiffs in the underlying action and dismissing the breach of contract and bad-faith denial of coverage causes of action insofar as asserted by them (see Hudson Shore Assoc., L.P. v Praetorian Ins. Co., 172 AD3d 830, 831; Liang v Progressive Cas. Ins. Co., 172 AD3d 696, 699), and properly denied those branches of the plaintiffs' cross-motion which were for summary judgment on the complaint insofar as asserted by them and declaring that Wesco is obligated to defend and indemnify them in the underlying action.
In light of our determination, we need not address the plaintiffs' remaining contention regarding that branch of their cross-motion which was to compel certain disclosure.
Since this is, in part, a declaratory judgment action, we remit the matter to the [*3]Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that Wesco is not obligated to defend or indemnify the plaintiffs in the underlying action (see Lanza v Wagner, 11 NY2d 317).
IANNACCI, J.P., CHAMBERS, MALTESE and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court