25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co. (2026 NY Slip Op 01331)

25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co.

2026 NY Slip Op 01331

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-00580
 (Index No. 503144/18)

[*1]25-01 Newkirk Avenue, LLC, appellant, 
vEverest National Insurance Company, et al., respondents.

Mark L. Cortegiano, Middle Village, NY, for appellant.
Kennedys CMK LLP, New York, NY (Thomas C. Kaufman of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant Everest National Insurance Company is obligated to defend and indemnify the plaintiff in an underlying personal injury action entitled G.M. v 25-01 Newkirk Avenue, LLC, commenced in the Supreme Court, Kings County, under Index No. 500473/17, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated December 15, 2022. The order and judgment granted the defendants' motion for summary judgment declaring, among other things, that they are not obligated to defend or indemnify the plaintiff in the underlying action and declared that (1) the plaintiff is not entitled to coverage under the insurance policy issued to it by the defendant Everest National Insurance Company for the cause of action asserted in the underlying action, (2) the absolute lead exclusion is properly included in the policy and excludes coverage for the underlying action, and (3) the defendants are not obligated to defend or indemnify the plaintiff in the underlying action.
ORDERED that the order and judgment is affirmed, with costs.
The plaintiff, 25-01 Newkirk Avenue, LLC, engaged the services of an insurance broker, Stern Agency, Inc. (hereinafter Stern Agency), to obtain insurance coverage, including coverage for liability for exposure to lead, for a residential building in Brooklyn owned by the plaintiff. The defendant Brownstone Agency, Inc. (hereinafter Brownstone), acting as the agent of the defendant Everest National Insurance Company (hereinafter Everest), provided Stern Agency with an Indication for insurance coverage for the building (hereinafter the policy). The policy provided, in relevant part, the following: "IMPORTANT: . . . All lead inspection reports must be received and reviewed by our office within 30 days of binding. The lead exclusion will be added back to policy inception if the inspection is unfavorable or the 30 day period has expired."
After the inspection did not occur within that time period, the defendants issued a change endorsement removing lead liability coverage from the policy and incorporated an "absolute lead exclusion" into the policy. Subsequently, a resident of the building commenced an action in the Supreme Court, Kings County, entitled G.M. v 25-01 Newkirk Avenue, LLC, under Index No. 500473/17 (hereinafter the underlying action), against, among others, the plaintiff in the instant [*2]action, to recover damages for personal injuries allegedly sustained through exposure to lead on the premises. Brownstone, on behalf of Everest, sent a notice of disclaimer to the plaintiff, informing the plaintiff that Everest would not indemnify the plaintiff for any judgment rendered in the underlying action against it because the absolute lead exclusion endorsement in the policy precluded coverage. Several months later, the plaintiff commenced this action against the defendants seeking, inter alia, a judgment declaring that Everest was obligated to defend and indemnify the plaintiff in connection with the underlying action. The defendants moved for summary judgment declaring, among other things, that they are not obligated to defend or indemnify the plaintiff in the underlying action. In an order and judgment dated December 15, 2022, the Supreme Court granted the defendants' motion and declared that (1) the plaintiff is not entitled to coverage under the policy for the cause of action asserted in the underlying action, (2) the absolute lead exclusion is properly included in the policy and excludes coverage for the underlying action, and (3) the defendants are not obligated to defend or indemnify the plaintiff in the underlying action. The plaintiff appeals.
"An insurance policy is a written contract between an insurer and an insured and is based, in essence, on contract law" (American W. Home Ins. Co. v Gjonaj Realty & Mgt. Co., 192 AD3d 28, 38). "In determining an insurance coverage dispute, a court must first look to the language of the policy" (Holtzman v Connecticut Gen. Life Ins. Co., 213 AD3d 918, 919). "As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning[,] and the interpretation of such provisions is a question of law for the court" (Matter of Progressive Ins. Co. v Baby, 232 AD3d 902, 903 [internal quotation marks omitted]; see White v Continental Cas. Co., 9 NY3d 264, 267). "[B]efore an insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case, and that they are subject to no other reasonable interpretation" (Dean v Tower Ins. Co. of N.Y., 19 NY3d 704, 708 [internal quotation marks omitted]; see Landau v IDS Prop. Cas. Ins. Co., 228 AD3d 855, 856).
Here, the absolute lead exclusion endorsement to the policy, which the defendants submitted in support of their motion, unequivocally excludes coverage for, inter alia, bodily injury "arising out of the existence or control of the hazardous properties of lead, irrespective of the form or source of such lead." Thus, the exclusion clearly applies to the cause of action brought against the plaintiff in the underlying action to recover damages for personal injuries allegedly sustained by exposure to lead (see Swan USA, Inc. v Wesco Ins. Co., 217 AD3d 987, 989; Mapfre Ins. Co. of N.Y. v Ferrall, 214 AD3d 635, 636). Accordingly, the defendants established their prima facie entitlement to a declaration that (1) the plaintiff is not entitled to coverage under the policy for the cause of action asserted in the underlying action, (2) the absolute lead exclusion is properly included in the policy and excludes coverage for the underlying action, and (3) the defendants are not obligated to defend or indemnify the plaintiff in the underlying action (see Landau v IDS Prop. Cas. Ins. Co., 228 AD3d at 856; Gem-Quality Corp. v Colony Ins. Co., 209 AD3d 986, 992-993).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the absolute lead exclusion was properly added to the policy or whether the exclusion applies (see Landau v IDS Prop. Cas. Ins. Co., 228 AD3d at 856-857; Swan USA, Inc. v Wesco Ins. Co., 217 AD3d at 989).
The plaintiff's remaining contention is without merit.
CONNOLLY, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court